THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.* PACE.

APPEAL from the *Lawrence* Circuit Court.

PERKINS, J.—Suit by *Pace* to recover the value of stock killed on the track of the *New Albany and Salem Railroad.* Judgment for the plaintiff, on appeal to the Circuit Court. Two cows, one of the value of 30 dollars, and one of the value of 20 dollars, were killed. They were killed at a point where the road was fenced, though the fences were not built by the railroad company. They seem to have been killed near where a county road crossed the railroad. The defendants had constructed cattle pits at the crossing, but not sufficient to exclude cattle, owing to a solid rock foundation, and had built side fences to connect the pits with the fences inclosing the railroad. This was all the evidence.

The Court held the railroad company liable, partly, it would seem, because the fences were not built by the railroad company. It certainly cannot be material who builds the fences, so that they are erected. The security to the public afforded by the fences, is the object. The railroad companies must see that the roads are fenced. If the proprietors of adjoining lands do not erect fences, the railroad

companies must. If they do, it is unnecessary that the railroad companies should also fence. So the railroad companies must see that the fences along the road, no matter by whom built, are kept in repair. If the proprietors do not keep them in repair, the railroads must. The fences must be kept in repair, or the roads will be held liable under the statute. If they are kept in repair, the roads will be held to the common-law liability simply, for negligence.

The statute does not expressly require the construction of cattle pits at road crossings, but perhaps they may be fairly embraced under the general term fence. Without them, stock could not be excluded from the track. See the statute in *The Madison, &c., Railroad Co.* v. *Whiteneck*, 8 Ind. R. 217.

We think there may have been, in this particular, such a failure to comply with the statute, as justified the judgment.

Rocks may be removed by drills, gunpowder, and fire.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*W. G. Cooper*, for the appellants.

*A. B. Carlton* and *T. R. Cobb*, for the appellee.