# THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v*. KIBBY.

RAILROADS.—The ruling in the case of the *Indianapolis and Cincinnati Railroad Company* v. *Stephens*, *ante*, p. 429, approved.

SAME.—CATTLE GUARDS.—The former rulings of the court, as to the duty of railroad companies to maintain cattle guards at the crossings of public highways, approved.

The Indianapolis and Cincinnati Railroad Company *v.* Kibby.

APPEAL.—ORDER ON CONDUCTOR.—An appeal having been prayed from a judgment against a railroad company for killing cattle, thirty days time was given to file a bond. Subsequently a motion was made by the plaintiff for a writ requiring a conductor of the company to answer as to funds in his hands. Pending this motion, an appeal bond was filed, and afterwards the writ was issued.

*Held,* that the issuing of the writ was erroneous.

APPEAL from the *Boone* Common Pleas.

RAY, J.—This was an action against the appellant for killing a cow upon a portion of its road not securely fenced. A demurrer was filed, on the ground of want of jurisdiction. This question has been determined adversely to the appellant in the case of the same party against *Stephens, ante,* p. 429. A motion was made for a new trial, on the ground that the finding was not sustained by the evidence. This motion was overruled and judgment rendered.

The proof on the trial was, that the animal had passed upon the track from a crossing of a highway; that there had been a cattle-guard between the railroad track and the road, but that the appellant, in making a switch at that point, had destroyed the guard. As the duty of the railroad company to maintain cattle-guards at public crossings of country roads has been long declared by this court, the judgment must be affirmed. *The New Albany and Salem Railroad Co.* v. *Pace,* 13 Ind. 411.

An appeal was prayed to this court, and thirty days given within which to file a bond. Subsequently a motion was made by the appellee for a writ requiring a conductor of the railroad company to answer as to the funds in his hands belonging to the company. Pending this motion, an appeal bond was filed and approved by the court, and afterwards, over the exception of the appellant, the writ was issued. This action of the court was clearly erroneous. The thirty days granted within which to file the appeal bond, under the statute, and the filing of the bond, stayed all proceedings.

The judgment is affirmed, with five per cent. damages,

and the order requiring the conductor to answer as to funds in his hands belonging to the company is set aside. Costs in this court to be equally apportioned between the appellant and appellee.

*W. Cumback*, *S. A. Bonner* and *J. D. Miller*, for appellant.

*O. S. Hamilton* and *C. C. Galvin*, for appellee.