HERBERT *v.* DREW.

INSTRUCTIONS TO JURY.—*Repetitions*.—Where, in its instructions to the jury, the court repeated substantially the same instruction in different forms in favor of one party, while in stating the law in favor of the adverse party's theory of the case, there was no such repetition;

*Held,* that this, though it might be bad taste, was no error.

SAME.—*Irrelevant Instruction.*—The Supreme Court will not reverse a judgment because an instruction given to the jury, by which the appellant could not have been injured, was irrelevant.

SAME.—*Instruction as to Proof Required.*—In an action in which the complaint set forth several distinct causes of action, each of which was sufficient, the court instructed the jury "that before the plaintiff would, in any event, be entitled to recover in this case, the jury must find from the evidence that the allegations and averments in the complaint are proved substantially as laid; that his right to recover cannot be enlarged beyond the case made by his complaint; and if the jury believe that the plaintiff has failed to prove any one of the material averments in his complaint in its general scope, the jury must find for the defendant."

*Held,* that the instruction was erroneous.

APPEAL from the Lagrange Common Pleas.

GREGORY, J.—Herbert sued Drew for fraud in the sale of sheep, and for breach of warranty. The complaint contains three paragraphs, the first and third for a false and fraudulent representation as to quality and soundness; and the second for a breach of an express warranty. The defendant answered by the general denial. The issues were submitted to a jury; verdict for the defendant; motion for a new trial overruled, and the plaintiff excepted.

The ground of the motion was error of law occurring at the trial, in the misdirection of the court in the instructions given. The court gave nineteen instructions, to eighteen of which the plaintiff excepted.

It is admitted by counsel for the appellant that the instructions, with two exceptions, are a correct exposition of the law, but it is contended that most of them are on the side of the defendant, therefore unfair to the plaintiff, and calculated to mislead the jury. This case does not come within the rule laid down in *Fahnestock* v. *The State*, 23 Ind. 231. There the court instructed the jury upon one hypothesis, arising from the evidence against the defendant, and failed to instruct on the one in his favor. In the case at bar the complaint is, that the court repeated substantially the same instruction, in different forms, in favor of the defendant, while, in stating the law in favor of the plaintiff's

theory of the case, no such repetition was made. This may be bad taste, but it is not bad law.

The court charged the jury, "that in the sale of property of the kind sued for in this case, if the same was exhibited to the plaintiff, the law will not imply any warranty either of quality or soundness of property so sold." It is claimed that this instruction was irrelevant; that there was no issue to which it could apply. The complaint was for fraud; implied warranty, arising from false representations; and express warranty. There was no issue to which the instruction could apply, but it is difficult to see how it injured the plaintiff. He does not claim to recover on the ground of an implied warranty arising from the nature of the property sold.

The court instructed the jury, "that before the plaintiff would, in any event, be entitled to recover in this case, the jury must find, from the evidence, that the allegations and averments in the complaint are proved substantially as laid; that his right to recover cannot be enlarged beyond the case made by his complaint, and if the jury believe that the plaintiff has failed to prove any one of the material averments in his complaint in its general scope, the jury must find for the defendant." There were three distinct causes of action in the complaint, the proof of any one of which entitled the plaintiff to a verdict. This instruction was clearly erroneous. But it is contended that it was corrected in the other instructions given to the jury. The jury were not told in any one of the instructions that they could find for the plaintiff on proof sustaining any one of the causes of action contained in the complaint, but were merely instructed as to what evidence was necessary to sustain each paragraph thereof. But it is difficult to see how this instruction could have been corrected otherwise than by its withdrawal. The jury were told, that, "in any event," the plaintiff could not recover short of proof of his entire complaint, or, at least, the material averments thereof.

For this error, the motion for a new trial ought to have been sustained.

Judgment reversed, with costs. Cause remanded, with directions to grant a new trial, and for further proceedings.

*A. Ellison*, for appellant.

*A. B. Kennedy* and *J. H. Baker*, for appellee.