*J. Hanna* and *F. Knefler*, for appellants.

*J. S. Harvey*, for appellee.

---

## The Pittsburgh, Cincinnati, and St. Louis Railroad Company v. Ehrhart.

RAILROAD.—*Injury to Animals.—Fences.—Cattle-Guards*—The fencing of a railroad contemplated by the statute of March 4th, 1863, providing compen-sation to the owners of animals killed or injured by the cars, etc., of a rail-road company, includes the putting in of proper cattle-guards to prevent ani-mals from passing from streets and highways upon the railroad track on each side of said streets and highways.

APPEAL from the Wayne Circuit Court.

WORDEN, J.—This was an action by the appellee against the appellant to recover damages for killing a cow by the defendant on her track.

Trial, verdict and judgment for plaintiff. Motions for a new trial and in arrest of judgment overruled.

The motion in arrest was made on the assumed ground that two out of the three paragraphs of the complaint did not state facts sufficient, etc. One of the paragraphs of the complaint, at least, seems to be good. The motion in arrest

was not addressed to it, and no objection is made to it here. That paragraph is based on the statute. No error was committed in overruling the motion in arrest.

The only other question is whether the evidence sustained the verdict.

The cow was killed in the town of Dublin. The evidence, as set out in the bill of exceptions, leaves the matter in some uncertainty, as to the point where the cow got upon the track. But we think it may be fairly inferred from the evidence, that the cow passed on to the track from a street, there not being a sufficient cattle-guard to prevent it, and that when thus upon the track, between two streets, she was struck by the locomotive of the defendant.

There was a diagram of the ground used on the trial, and referred to in the testimony of some of the witnesses, which is not put into the bill of exceptions. Perhaps if the diagram had been set out, it would have enabled us the better to understand or apply the evidence.

There is nothing in the evidence which shows that it would have been illegal or improper to have fenced the road in the town of Dublin, and the fencing of the road includes the putting in of proper cattle-guards to prevent animals from passing from streets and highways upon the railroad track on each side of such streets and highways. *The Indianapolis, etc. Railroad Co.* v. *Kibby,* 28 Ind. 479.

We cannot say that the verdict is not sustained by the evidence.

The judgment below is affirmed, with costs.

*J. B. & J. F. Julian,* and *G. A. Johnson,* for appellant.

*W. S. Ballenger,* for appellee.