## THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD COMPANY v. MORGAN.

PRACTICE.—*Evidence.*—A judgment will not be reversed on the evidence where there is a conflict in the testimony.

APPEAL from the Clark Common Pleas.

BUSKIRK, J.—The appellee sued the appellant to recover the value of a mule killed on the road of the appellant by an engine and train of cars. The complaint was in two paragraphs. The first was founded upon the statute, and the second was based upon the common law liability. The court overruled demurrers to each paragraph of the complaint, to which ruling the appellant excepted. The appellant answered in two paragraphs. The first was the general denial. The second set up a state of facts tending to show that the mule was killed at a point where the road could not be lawfully fenced. A demurrer was overruled to the second paragraph of the answer, and the appellee excepted. The appellee replied in denial of the second paragraph of

the answer. The cause was tried by a jury and resulted in a finding of the value of the mule for the plaintiff below. The court overruled a motion for a new trial, and appellant excepted.

The appellant has assigned for error the overruling of the demurrer to the complaint, and the motion for a new trial. The counsel for the appellant, in their brief, admit that the court committed no error in overruling the demurrer to the complaint. This leaves for our decision the single question of whether there was any error in overruling the motion for a new trial. There is no dispute as to the fact that the mule was killed, or as to its value. The appellant insists that it was killed at the crossing of the old Salem road, where the railroad could not have been legally fenced, and that, consequently, the company was not liable under the first paragraph of the complaint; and that as the plaintiff failed to show any negligence on the part of the employees of the appellant, no liability was shown to exist under the second paragraph.

The only matter of controversy is, at what point, on the appellant's road, was the mule killed? At the place where the mule was killed the railroad track runs due north and south. The old Salem highway crosses the railroad track in an angling direction from the south-east to the north-west. There were no cattle-guards at the intersection of the railroad and highway, on either side of the highway. The railroad was not fenced, on either side, for about one hundred and eighty feet north of the intersection of the two roads. At that point there is a cow-gap that joins on to a field fence, leaving a space of about two acres open above the intersection, on the west, bounded by the upper fence of the Salem road; and the cow-gap joins to a field fence on the other side, leaving an open space on either side of the railroad. The testimony stands as follows:

The plaintiff swore that he found the mule near the cow-gap, about one hundred and seventy feet north of the intersection. Henry Selfridge, John B. Clark, and Henry Sel-

fridge, Jr., testified that they saw the mule when it was struck by the engine, and that it was, by actual measurement one hundred and thirty-five feet north of the north side of the Salem road where the mule was struck, and that it was dragged some distance north.    William Pierce testified that he saw the mule lying dead on the next morning after it was killed, one hundred and seventy feet north of the intersection of the two roads.

On the other hand the appellant proved by John Seamon, the engineer, and John A. Haskins, the fireman, on the said train, that the locomotive struck the mule right in the intersection of the railroad track with the old Salem road, and not more than fifteen feet from the center of the intersection of the road.    The engineer did not know whether the mule was carried along by the train or not, but the fireman testified that it was dragged some distance, how far he does not state.    There was a direct conflict in the evidence, and the jury must have believed the witnesses on behalf of the plaintiff, and we cannot disturb the finding upon the weight of the evidence.

We are also of the opinion that it was the duty of the appellant, to protect itself from liability, to have placed a cattle-guard at the north side of the Salem road, and fenced the road on either side north.    The cow-gap was placed at the wrong place.    It should have been at the intersection. It being one hundred and eighty feet north of the intersection, and connected with field fences on either side of the railroad track, and there being nothing at the intersection to prevent stock from going on the track, it created an excellent trap for stock.    The cow-gap, at the point where it is, is worse than useless.    There is, and can be, no doubt as to the liability of the appellant.

The judgment is affirmed, with costs and five per cent. damages.

PETTIT, J., was absent.

*G. V. Howk, W. W. Tuley,* and *C. D. Howk,* for appellant.
*J. H. Stotsenburg* and *T. M. Brown,* for appellee.