THE INDIANAPOLIS, CINCINNATI, AND LAFAYETTE RAILROAD COMPANY v. BONNELL.

RAILROAD.—*Injury to Animals.*—*Fencing.*—In an action, under the statute, against a railroad company to recover the value of a cow killed by a loco- motive, it appeared in evidence that the animal was struck at a place on the railroad forty-three feet from the center of a public turnpike, which was legally sixty-six feet wide, said place not being fenced in, but being in an open space between a cattle-guard and the crossing of the railroad and turn- pike.

*Held*, that the railroad company was liable under the statute, the railroad not being fenced according to law.

APPEAL from the Boone Common Pleas.

BUSKIRK, J.—This was an action by the appellee, under the statute, against the appellant, to recover the value of a cow which was killed by the locomotive and cars of appel- lant, at a point where the road might have been, but was not, securely fenced.

There was issue, trial by jury, and verdict for plaintiff. A motion for a new trial was overruled, and judgment was rendered on the verdict.

The error assigned is the overruling of the motion for a new trial. The evidence is in the record. The killing of the cow is conceded, and her value is admitted. The only controverted question of fact is as to where the cow was when she was struck by the engine. It was claimed below and is claimed here, that she was struck on the crossing of the railroad and Indianapolis turnpike road. The appellee insisted that she was struck in an open space between the gravel road and cattle-guards. Four witnesses testified from certain marks, signs, tracks, and indications, which they gave to the jury, that, in their opinion, the cow was struck outside of the turnpike road; while one witness, who was present and saw the engine strike the cow, testified that she was caught within five or six feet of the center of the travelled track of the pike, right at the crossing of the rail- road.

The Indianapolis, Cincinnati, and Lafayette R. R. Co. *v.* Bonnell.

We are very strongly impressed with the belief that the jury were far more competent to place the proper estimate upon the "marks, signs, tracks, and indications" detailed by the witnesses than we are. The jury evidently permitted them to outweigh the positive testimony of the one witness who testified positively to the facts.

Besides, conceding that the cow was struck at the point claimed by appellant, we are unable to see how that would relieve the railroad company from liability. It was shown by the evidence that the railroad runs from the north-west to the south-east, and the state road, or Indianapolis pike, runs generally in the same course, but more in a north and south direction, so that the dirt or pike road crosses the railroad from the north a little east of south; that the dirt or pike road was legally sixty-six feet wide, while the space between the cattle-guards was one hundred and seventy feet; and that there was an open space south of the crossing where there is no fence, and one north and east of the pike road formerly worked as a gravel pit. One witness testified, that "the sign" indicated that the train was going east at the time the cow was struck; and that there were "tracks" showing that she had left the pike in going south toward the railroad until she had gotten within about forty feet of the railroad, and there left the pike east on open space north of the railroad and entered on the railroad about forty-three feet from center of gravel bed where the pike crosses the railroad.

We do not think that a railroad can be regarded as securely fenced where the cattle-guards are placed so far apart as to leave an open space on both sides. Such cattle-guards could be of little use. See *The Jeffersonville, etc., Railroad Co.* v. *Morgan*, 38 Ind. 190.

We can not disturb the judgment.

The judgment below is affirmed, with costs.

*A. J. Boone* and *R. W. Harrison*, for appellant.

*O. S. Hamilton*, for appellee.