No. 7205.

THE EVANSVILLE AND CRAWFORDSVILLE R. R. Co. v. BARBEE.

SUPREME COURT.—*Appeal within one Year from July 2d, 1877.*—An appeal to the Supreme Court taken June 27th, 1878, from a judgment rendered May 14th, 1877, was within one year from the time the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 59, took effect, and was in time, as such act took effect July 2d, 1877.

STATUTE.—*Speaks from time of Taking Effect.*—An act of the General Assembly speaks, not from the time of its approval, but from the time it took effect.

RAILROAD.—*Killing Stock.—Highway Crossing.—Duty to Fence.—Cattle-Pits.*—It is as much the duty of a railroad company to fence against animals on a highway as against animals in adjoining fields or woods, and proper cattle-pits at highway crossings are necessary, to prevent animals passing from the highway on to the railroad track.

SAME.—*Instruction.*—Instructions, in effect, that if animals went on the railroad track at a crossing of the highway, and were killed some distance from the highway, the railroad company would not be liable upon the ground of the want of a fence, were properly refused.

SAME.—*Harmless Error.*—Where a verdict is clearly in accordance with the evidence, no harm can result to the appellant because a charge given to the jury was not applicable to the evidence.

From the Vigo Circuit Court.

*J. G. Williams*, for appellant.

*A. B. Carlton* and *J. E. Lamb*, for appellee.

MORRIS, C.—This action was brought by the appellee to recover the value of a mule and colt, alleged to have been killed by the appellant.

The complaint is in two paragraphs. The first charges that, on the 12th day of May, 1873, the appellant killed a mule and colt, the property of the appellee, by running over them a locomotive, in Vigo county; that the appellant's road was not, at the point where the mule and colt got upon the same, securely fenced. The second paragraph charges the appellant with negligently killing the mule and colt, by negligently running its locomotive and cars upon them.

The appellant answered the complaint by a general denial, and three special paragraphs. No question is made or raised upon the special paragraphs of the answer, and they will not be further noticed.

The cause was submitted to a jury. Verdict on the first paragraph of the complaint, and judgment for the appellee.

The appellant moved the court, in writing, for a new trial upon the following grounds:

1st, because the verdict is contrary to law; 2d, because the verdict is contrary to the evidence; 3d, because the court erred in refusing to give the first instruction asked by the appellant; 4th, because the court erred in refusing to give the second instruction asked by the appellant; and, 5th, because the court erred in giving, of its own motion, the fifth instruction.

The motion for a new trial was overruled, and the appellant excepted. The error assigned is that the court erred in overruling the appellant's motion for a new trial.

The appellee has filed a motion here to dismiss the appeal, on the ground that it appears, upon the face of the record, that the judgment was rendered May 14th, 1877, and the appeal taken June 27th, 1878, more than one year after the judgment was rendered. The motion is based upon the act approved March 14th, 1877, Acts 1877, p. 59, which pro-

vides that "Appeals in all cases hereafter tried must be taken within one year from the time the judgment is rendered; in all cases, heretofore tried, must be taken within one year from the time this act takes effect." The act took effect July the 2d, 1877. The question is, is this law to be construed as speaking from the time of its approval or from the time it took effect? The question has been settled by this court, in a case between the parties to this suit. *The Evansville, etc., R. R. Co.* v. *Barbee*, 59 Ind. 592.

WORDEN, J., says: "We think the law must be construed to speak from the time it took effect, as a will speaks from the time of the death of the testator; and that the words 'hereafter' and 'heretofore' have reference to that period of time."

The appellant's road runs north and south through the county of Vigo. It is crossed by the Louisville road, a highway some sixty feet in width. The highway, as it approaches the point of crossing from the north, runs on the west side of the railroad, and near to and almost parallel with it, for some distance. There is a fence on the west side of the railroad, and the Louisville road, for some distance north of the point of crossing, runs between this fence and the railroad. There is no fence on the east side of the railroad at the crossing. The testimony further shows that on or about the 12th of May, 1873, the appellee's mule and colt had broken out of a neighbor's field, where they had been pasturing, and had, without the appellee's knowledge, got on the west side of and near to the appellant's road, and north of said crossing. As the morning train came from the north, the animals became frightened, ran along the Louisville road until they came to the track of the railroad, and then turned south, passing from the highway along the track of the railroad, and on the west side of it, and running south some seventy-five or a hundred feet, until they came to a culvert and cattle-pit, at which point they

were struck by the appellant's locomotive. One of the animals was killed, and the other so injured that it died the next day. The cattle-guard on the south side of the crossing was from seventy-five to one hundred feet distant from the crossing.

It is not contended by the appellant that the evidence does not tend to support the verdict, but it is insisted that the court erred in refusing to charge the jury as requested by it, and in the charge given by the court of its own motion. The appellant's counsel says: "The questions to be discussed grow out of the refusal of the court below to give the first and second charges asked by the appellant, and the giving by the court, on its own motion, instruction designated as the fifth."

The instructions asked by the appellant were as follows:

"1st. If you believe from the evidence in this case, that the mule and colt of the plaintiff went upon the track or right of way of the defendant at a point where the highway crosses said railroad track and right of way, then you should find for the defendant on the first paragraph of the complaint.

"2d. You must inquire at what point the animals went upon the track or right of way of defendant, and not at what point the animals were killed. If the animals went on at a crossing of the highway, even if they were killed some distance from the highway, the defendant would not be liable upon the ground of the want of a fence."

We think the above instructions were properly refused. They assume that, if an animal passes from a highway at the point where it crosses a railroad onto the railroad track, and, because of the absence of cattle-guards, wanders upon the track and is killed, the company is not liable. The animals were rightfully upon the highway, and it was the duty of the appellant, by the construction of cattle-pits or guards and fences, properly and conveniently located, to prevent them

from wandering from the highway upon its track and right of way. It is as much the duty of the appellant to fence against animals on the highway as against animals in adjoining fields or woods. Proper cattle-pits at highway crossings are intended to prevent animals passing from the highway onto the railroad track. If, as in this case, they are placed seventy-five or one hundred feet distant from the crossing, they will not accomplish the purpose and object for which they are required. The Indianapolis, etc., R. R. Co. v. Irish, 26 Ind. 268 ; The Pittsburgh, etc., R. R. Co. v. Ehrhart, 36 Ind. 118 ; The Indianapolis, etc., R. R. Co. v. Bonnell, 42 Ind. 539.

The appellant contends, however, that the cattle-guard in this case was properly located. We have examined the cases to which its counsel refers, and think they do not support his conclusion. In the case of The Indianapolis, etc., R. R. Co. v. Bonnell, supra, the pits were seventy-five feet from the center line of the highway. The court say : "We do not think a railroad can be regarded as securely fenced where the cattle-guards are placed so far apart as to leave an open space on both sides." Here the cattle-guard was from seventy-five to one hundred feet from the south side of the travelled highway.

The fifth charge given by the court, of its own motion, is as follows :

"If you find that the animals got upon the track where the public highway crosses the defendant's railroad track (and at a point where the defendant was not bound to fence), and you find that after the animals had entered upon the defendant's road at the crossing, and then ran south along defendant's road to the point where the animals were killed, and you find further, that the animals were killed at a point where it was the duty of the defendant to fence its road, and could have done it, and did not, the defendants are liable under the first paragraph of the complaint."

We think, in view of the evidence in the case, that there was no error in giving this charge, of which the appellant can complain. The verdict was clearly in accordance with the evidence, and no harm could result from the charge given, of which the appellant could complain. *Felkner* v. *Scarlet*, 29 Ind. 154; *Herbert* v. *Drew*, 32 Ind. 364.

The judgment should be affirmed.

PER CURIAM.—It is ordered, that, upon the foregoing opinion, the judgment be, and the same is hereby, affirmed in all things, at the costs of the appellant. Cause remanded for further proceedings.