Louisville, New Albany and Chicago Railway Company v. Clark.

.· No. 11,179.

LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COM-·
PANY v: CLARK.

RAILROADS.—*Killing Stock.—Fencing.—Burden of Proof.*—In a suit against
a railroad company for killing an animal, on account of the want of a
sufficient fence, if the company relies upon the fact that its road could
not be fenced at the place in question, it has the burden of proof as to·
that matter.

From the Floyd Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler,* for appellant. '
*S. B. Voyles* and *H. Morris,* for appellee.

ZOLLARS, J.—Appellee recovered a judgment against ap-·
pellant for the value of a horse killed by one of its trains, in.
the town of Salem, in Washington county. The venue hav-·
ing been changed, the case was tried in Floyd county.

The complaint is in two paragraphs. The first charges a.
negligent killing, without fault on the part of the plaintiff.
The second ·is based upon the statute, and charges a failure to·
fence. The case is presented for review upon the evidence·
alone.

Appellant's counsel urge, with ability, that the judgment
can not be maintained upon the first paragraph of the com-
plaint, because of contributory negligence on the part of ap-·
pellee. It will not be necessary for us to decide that ques-·.
tion, as we feel constrained to affirm the judgment upon the·
second paragraph. The company, being liable under this·
paragraph, is liable without reference to contributory negli-
gence on the part of appellee. *Louisville, etc., R. W. Co.* v.
*Whitesell,* 68 Ind. 297 ; *Grand Rapids, etc., R. R. Co.* v. *Jones,*.
81 Ind. 523.

The horse approached the railroad upon Mulberry street.
The railroad does not intersect the street at right angles. The
street does not extend across the railroad. It seems to be ad-
mitted that the south line of the street intersects the railroad.
so as to form an obtuse angle.

It is contended that north of this intersection there is a triangular piece of land between the railroad and the eastern terminus of the street, that might have been fenced. We do not regard this of much consequence to either party. There is evidence which tends strongly to show that the horse went upon the railroad thirty feet north of where the north line of the street intersects the railroad, or would intersect it if extended to it; and from a strip of land on the west side of the railroad, between it and an enclosed field. There was neither fence nor cattle-pit to prevent animals from going upon this strip of land. No sufficient excuse is furnished for the absence of them. If, as contended in argument, the company was not required to maintain a fence on the east side of the track, opposite this strip of land, it was absolved from the obligation of fencing it. *Indiana, etc., R. W. Co.* v. *Leak,* 89 Ind. 596. The strip of land in question extends from Mulberry street to a culvert, about one hundred yards north. Opposite this, on the east side of the railroad, there was no fence. It appears that appellee, in reaching his farm, has been accustomed to pass along the east side of the railroad track to a gate near the culvert. Whether he passes over the company's right of way, or if so, by what authority, does not appear. For aught that appears, the company might have built and maintained a fence on the east side of its track. Such being the case, it was bound to do so, and hence was also bound to maintain a fence on the west, with proper cattle-pits, to prevent the ingress of animals to the strip of land. The burden was upon the company to show that it was not required to maintain these fences. This it has failed to do. *Fort Wayne, etc., R. R. Co.* v. *Mussetter,* 48 Ind. 286; *Jeffersonville, etc., R. R. Co.* v. *Brevoort,* 30 Ind. 324; *Indianapolis, etc., R. R. Co.* v. *Lindley,* 75 Ind. 426.

If it appeared that the east side was left open for the accommodation of appellee, possibly a different result might have been reached.

Upon the question of the value of the horse the evidence is conflicting; we can not say that the amount allowed by the court is too large.

The judgment is affirmed, with costs.

Filed March 11, 1884.