Filed March 15, 1884.

---

No. 10,952.

## WHITEWATER RAILROAD COMPANY v. BRIDGETT.

JURISDICTION.—*Demurrer.*—A demurrer to a complaint for want of sufficient facts presents no question as to the jurisdiction of the court.

RAILROADS.—*Killing Stock.—Fences.—Cattle-Guards.*—An instruction, that if an animal enter upon the track of a railroad from a highway by reason of insufficient cattle-guards, the company is by statute made liable for injury to the animal received from the locomotives or cars, is not objectionable.

PRACTICE.—*Harmless Error.—Instructions.—Special Interrogatories.*—Where it appears by the answers of the jury to special interrogatories, that an erroneous instruction did not influence the verdict, the error is not available.

From the Wayne Circuit Court.

*C. C. Binkley* and *W. C. Frazer,* for appellant.
*J. H. Kibbey,* for appellee.

BICKNELL, C. C.—The appellant brought this suit against the appellee to recover the value of a bay mare. The defendant demurred to each of the paragraphs of the complaint for want of facts sufficient to constitute a cause of action. The demurrers were overruled, and these rulings are assigned as errors. The points made are that neither of the paragraphs alleges that the mare was killed in the county of Wayne, in which the suit was brought. Such a defect, although good ground for a demurrer for want of jurisdiction, is not available upon a demurrer for want of facts sufficient. *Toledo, etc., R. W. Co.* v. *Milligan,* 52 Ind. 505. Causes of demurrer must conform to the specifications of the statute. A demurrer assigning for cause want of sufficient facts presents no question as to the jurisdiction of the court over the subject-matter. *Toledo, etc., R. W. Co.* v. *Milligan,* 52 Ind. 512, and see R. S. 1881, section 343. There was no error in overruling the demurrers.

The defendant answered in two paragraphs, to wit: 1. The general denial. 2. That the plaintiff's mare entered upon the railroad at a public crossing, and was there killed, where the same could not be lawfully fenced. The plaintiff replied in denial. The issues were tried by a jury, who found for the plaintiff, with $100 damages. With their verdict they answered interrogatories as follows:

1. " Did the mare enter upon the railroad track at a public highway crossing? Ans. No."

2. " For fifty feet on each side of the public road crossing, where the mare is said to have been struck by the defendant's locomotive and cars, and where the wagon road and railroad run alongside of each other, could the defendant fence its track without obstructing the public highway? Ans. Yes."

Judgment was rendered on the verdict. The defendant's

motion for a new trial was overruled, and this appeal was taken.

Two of the errors assigned have been considered. The third is overruling the motion for a new trial. There were seven reasons for a new trial, but none of them are discussed in the appellant's brief except the following, to wit:

2. The verdict is not sustained by sufficient evidence.

3. The verdict is contrary to law.

4. The court erred in giving the jury instruction No. 2.

This instruction was: "It is the duty of all railroads in this State to maintain cattle-guards at the crossings of all highways, and if an animal comes upon the track of a railroad from a highway because of insufficient cattle-guards, the railroad is liable for all injuries to such animal received from its locomotives or cars while so on the track."

This charge was in accordance with the law of Indiana as declared by this court. *New Albany, etc., R. R. Co.* v. *Pace,* 13 Ind. 411; *Indianapolis, etc., R. R. Co.* v. *Irish,* 26 Ind. 268; *Indianapolis, etc., R. R. Co.* v. *Kibby,* 28 Ind. 479; *Pittsburgh, etc., R. R. Co.* v. *Ehrhart,* 36 Ind. 118; *Indianapolis, etc., R. R. Co.* v. *Bonnell,* 42 Ind. 539; *Pittsburgh, etc., R. W. Co.* v. *Eby,* 55 Ind. 567; *Evansville, etc., R. R. Co.* v. *Barbee,* 74 Ind. 169; *Grand Rapids, etc., R. R. Co.* v. *Jones,* 81 Ind. 523.

There was evidence to which the foregoing instruction was applicable; as a general statement of the law it was correct; if the appellant supposed that there was some exception thereto proper to be presented to the jury, he should have requested an instruction embracing such exception. *Fulwider* v. *Ingels,* 87 Ind. 414; *Reissner* v. *Oxley,* 80 Ind. 580. But if the instruction were erroneous, it would have been harmless, because the jury, in their answers to the interrogatories, found that the mare did not enter upon the railroad track at the highway crossing, and that for fifty feet on each side of the highway crossing, where the railroad and the wagon road run side by side, the appellant could have fenced

its track without obstructing the public highway. There was no objection to the answers to the interrogatories.

The other reasons for a new trial mentioned in the appellant's brief are, that the verdict was not sustained by sufficient evidence and was contrary to law. The appellant claims that there was not sufficient evidence that the mare was struck by the appellant's train of cars, nor that the injury occurred in the county of Wayne. But there was evidence tending to support the verdict in both these particulars. The case, in some of its features, strongly resembles *Indianapolis, etc., R. R. Co.* v. *Bonnell, supra.* It is not necessary, in such a case, to show, by direct evidence, that the stock was struck by the company's train; it is sufficient if there are circumstances from which that fact may be fairly and justly inferred. *Indianapolis, etc., R. W. Co.* v. *Thomas,* 84 Ind. 194. And the same rule prevails as to proof of the county in which the animal was killed. *Louisville, etc., R. W. Co.* v. *Kious,* 82 Ind. 357. There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed March 14, 1884.