Louisville, New Albany and Chicago Railway Company *v.* Porter.

No. 11,228.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* PORTER.

RAILROAD. — *Fencing.* — *Cattle-Pits.* — Where a cattle-pit and wing fence are unnecessarily placed fifty feet from the line of the highway at a highway crossing, and an animal attempting to cross the railroad from the intervening space is killed by the cars, the railroad company is liable under the statute.

INSTRUCTION.—*Harmless Error.*—An erroneous instruction which could not possibly have injured the appellant is not available error.

From the Montgomery Circuit Court.

*A. D. Thomas,* for appellant.

*L. J. Coppage,* for appellee.

ZOLLARS, J.—Appellant appeals from a judgment in favor of appellee for the value of a horse killed upon its track. The action is based upon the statute in relation to fencing railroad tracks. Art. 4, ch. 38, R. S. 1881. The collision occurred near where the railroad crosses a public highway obliquely.

On the east side of the highway there is a cattle-pit, with wing fences leading up to it on either side.

The witnesses do not agree exactly, but the conclusion to be drawn from their statements is that the cattle-pit is about fifty feet east from the east line of the highway. On the north side of the railroad, parallel with and some distance from it, there is a fence extending from the highway and joined to the wing-fence at the cattle-pit. The space bounded by the fence, the railroad and wing-fence, is what the witnesses and counsel call the pocket. From this the fences prevent an escape to the north or east. Previous to the collision, the horse was upon the space so bounded as above stated. As a train approached from the northwest, he attempted to cross the track to the south, and was struck by the train and killed.

It is established by the decided weight of the evidence, that

this space, or pocket, is no part of the public highway, and that the cattle-pit might be placed at the highway without any interference with it, or any inconvenience to any one. Had it been so placed, with proper fences connected, the collision could not have occurred. That railway companies are bound, under the law, to maintain proper cattle-pits to prevent the ingress of animals from public highways, is well settled by the adjudicated cases. *Evansville, etc., R. R. Co.* v. *Barbee*, 74 Ind. 169.

In the general verdict for appellee, there is necessarily included a finding that the space, or pocket, from which the horse went upon the track, might and should have been, but was not, fenced so as to prevent the ingress of animals. There was no fence opposite, on the south side of the track, nor was there any other fence to exclude them. We can not, therefore, disturb the verdict upon the weight of the evidence.

Another reason why we could not disturb the verdict upon the evidence is, that all of the evidence is not before us. There is a statement in the bill of exceptions that it contains all of the evidence given in the cause, but other portions of the bill show that this is not true. *Huston* v. *McCloskey*, 76 Ind. 38; *Cosgrove* v. *Cosby*, 86 Ind. 511.

A plat of the grounds was used in the examination of the witnesses, and was introduced in evidence. Many answers of the witnesses are unintelligible without it.

In the second instruction the court charged the jury that a railway company is not bound to fence its track so as to deprive the public, or private individuals, of the full and free enjoyment thereof, and the right to travel and use the same; that where the track can be fenced without interfering with the free use thereof by the company, or with the rights and privileges of the public or private individuals, it is the duty of the company to build and maintain fences.

This instruction is too broad in some of its statements of the rule exempting railway companies from the duty of fencing, but this is an error in favor of appellant, of which it,.

therefore, can not complain; it could by no possibility have worked injury to appellant.

A judgment will not be reversed on account of erroneous instructions, which can work no injury to the complaining party. *Hayden* v. *Souger*, 56 Ind. 42 (26 Am. R. 1); *Mooney* v. *Kinsey*, 90 Ind. 33.

The jury was charged in the fourth instruction, that if the horse was killed at a point where the company should have, but did not maintain a fence, the company is liable. The position of appellant's counsel seems to be that the only ground of liability is the want of a fence at the point where the horse entered upon the track, and that hence the instruction is erroneous in the statement that the company is liable if there was no fence at the point where the horse was injured. In this case, the objection to the instruction, if otherwise well taken, would not be available, for the reason that the uncontradicted testimony shows that the animal was killed at the point where he entered upon the track, and that he entered from grounds from which he should have been excluded by a proper fence. Cases may occur in which the position of appellant's counsel may be the correct one, but they must involve a state of facts entirely different from the facts in the case before us. What may be the proper rule, where an animal passes over a proper fence, and goes to a point where the company is not bound to fence, and is there injured or killed, we need not now decide. See *Bellefontaine R. W. Co.* v. *Suman*, 29 Ind. 40. As a rule of general application to all cases, appellant's position is not tenable.

It has been held that where an animal gets upon the railroad grounds and track at a point where the company should have, but has not, erected and maintained a proper fence, and is injured or killed at a point where the company is not bound to maintain such fence, the company is liable. This is a reasonable rule, in such cases, because proper fences, maintained at the point of entry, would prevent the collision and injury. In such cases, the lack of the proper fence at the

point of entry is the cause of the injury. In the case of *Jeffersonville, etc., R. R. Co.* v. *Lyon,* 72 Ind. 107, cited by counsel for appellant, it was said that, under the statute, it is not the place of the killing that governs the liability of the company, but it is the place of entry upon the railroad track. That statement was made with reference to the case before the court, and must be limited by the pleadings and facts of that case. There the animals entered at a point where the company was, under the statute, bound to, but had not maintained a fence. There the cause of the injury was the lack of a fence at the point of entry upon the track. Such have been the several cases in which like rulings have been made. *Toledo, etc., R. W. Co.* v. *Howell,* 38 Ind. 447; *Wabash R. W. Co.* v. *Forshee,* 77 Ind. 158. But suppose the animal enters upon the railroad at public highways, or other places where the company is not bound to maintain fences, and, unobstructed by cattle-pits or fences, passes over the track to a point where fences should be maintained, and is there injured or killed, can it be said in such a case, that it is not the place of killing, but the place of entry upon the track that governs the liability of the company?

To so hold, would be to dispense with cattle-pits, which under the statute are as essential as fences, and which, within the meaning of the statute, are fences. The road might be securely fenced on either side, and yet, without cattle-pits, animals might pass from highways and other places where fences are not required, to any part of the road, and be there injured or killed, without liability on the part of the company, because at the point of entry upon the track the company is not bound to maintain fences. See *Evansville, etc., R. R. Co.* v. *Barbee,* 74 Ind. 169; *Indianapolis, etc., R. R. Co.* v. *Bonnell,* 42 Ind. 539; *Pittsburgh, etc., R. R. Co.* v. *Ehrhart,* 36 Ind. 118. As applied to the facts in this case, the instruction under examination is not erroneous.

The judgment is affirmed, with costs.

Filed Sept. 26, 1884.