No. 11,246.

## BANISTER *v.* THE PENNSYLVANIA COMPANY.

RAILROADS.—*Employer and Employee.*—*Liability for Servant's Acts.*—*Complaint.*
—*Killing Stock.*—A complaint, alleging that the defendant's servants,
wrongfully " acting in the line of their duty and within the scope of
their employment, and under the directions and instructions of the de-
fendant," killed a mule of the plaintiff which had been injured by the
defendant's train of cars, etc., shows the defendant's liability, and is
good on demurrer.

SAME.—*Fencing.*—*When Necessary.*—A railroad company is not excused
from liability for failure to fence in its tracks, because a way alongside
of its track at the place in question was in use, and necessary to reach
stock-lots and chutes where cattle could be loaded on its cars.

From the Bartholomew Circuit Court.

*N. R. Keyes,* for appellant.

*S. Stansifer,* for appellee.

COLERICK, C.—This action was instituted by the appel-
lant against the appellee, to recover the value of a mule,
which, it was alleged, had been killed by the appellee. The
complaint was in four paragraphs. A demurrer was sus-
tained to the fourth paragraph, and an answer was filed to
the others, in two paragraphs, the first of which was after-
wards withdrawn. A demurrer was overruled to the second
paragraph of the answer, and, thereupon, a reply thereto was
filed in two paragraphs, to each of which a demurrer was sus-
tained, and, the appellant refusing to plead over, final judg-
ment, on demurrer, was rendered against him, from which he
appeals, and assigns as errors the rulings of the court upon
said demurrers, which rulings we will .consider in the order
in which they were made :

1st. Did the court err in sustaining the demurrer to the
fourth paragraph of the complaint? It averred " that on the
19th day of June, 1881, defendant was owning and operating
a railroad in said county, and at said time was running a lo-
comotive and train of cars thereon in Bartholomew county,
Indiana, and while being run as aforesaid said locomotive

and train of cars struck, passed over, and wounded and broke the leg of a certain mule, the property of the plaintiff, of the value of $200; that the servants, agents and employees of said defendant afterwards, while the said mule was so wounded, wrongfully and unlawfully and purposely did kill said mule, when it was wholly unnecessary to kill said mule, as by proper care and attention he would have been saved; that said servants and employees, in killing said wounded mule, acted in the line of their duty and within the scope of their employment, and under the directions and instructions of defendant. Wherefore he prays judgment for $200 and other proper relief."

It is well settled in this State by the decisions of this court that a corporation is liable for the wilful acts and torts of its agents committed within the general scope of their employment, as well as for their acts of negligence, though such particular acts are not authorized or ratified. *Jeffersonville, etc., R. R. Co.* v. *Rogers,* 38 Ind. 116 (10 Am. R. 103); *Terre Haute, etc., R. R. Co.* v. *Graham,* 46 Ind. 239; *Terre Haute, etc., R. R. Co.* v. *Fitzgerald,* 47 Ind. 79; *Indianapolis, etc., R. R. Co.* v. *McClaren,* 62 Ind. 566; *American Ex. Co.* v. *Patterson,* 73 Ind. 430; *Louisville, etc., R. R. Co.* v. *Kelly,* 92 Ind. 371 (47 Am. R. 149); *Indianapolis, etc., R. W. Co.* v. *Anthony,* 43 Ind. 183. In the case last cited it was said: "The act of the agent within the general scope of his employment is the act of the master, and whether the act was necessary to be done, will depend upon the facts surrounding it. If the act done is within the general scope of employment, and is wrongful, the master is liable, although the act was unnecessary to the performance of the master's service, and was not intended for that purpose. We therefore think that the liability of the master does not depend upon the necessity for the act or the intent with which it was done, but upon whether the act was wrongful and within the general scope of the employment of the agent." In the paragraph of the complaint under consideration, it was not only averred that the act complained of was

wrongful, but it was expressly alleged that the act was performed by the servants and employees of the appellee " in the line of their duty, and within the scope of their employment, and under the directions and instructions " of the appellee. Under the decisions cited, which correctly assert the law, it is quite clear that the pleading was sufficient, and that the court erred in sustaining the demurrer thereto.

2d. Did the court err in overruling the demurrer to the second paragraph of the answer? It was as follows:

" For a second paragraph of answer to the first and second paragraphs of plaintiff's complaint, defendant says that the place where said mule got upon the track of defendant's railroad, and was killed, was at the town of Elizabethtown, where for the use of the railroad and the shipping public of live stock there has been continuously for the last twenty years stock-lots and a chute therefrom to the track of the railroad, through and over which live-stock have been loaded from said lots on the cars of defendant's railroad, which was and is the only convenience for that purpose within seven miles from said town. Said railroad along said stock-lots runs in a northwest and southeast direction. Along the north side of said railroad at said stock-lots there is an enclosed field, the property of one Edward Springer, the northwest and southeast boundary fence thereof being along the line of the right of way of defendant's railroad. Within said field are said stock-lots, the northwest and southeast fence thereof being so much of said boundary fence of said field, and the other fences of the stock-lots being inner fences within said field. Aside from said chute there is and has been all the time but one way through which stock can and could be turned or put into or out of said stock-lots, which is a gateway in said northwest and southeast line of the fence of said lots and close, to wit, ten feet from said chute. A way, and the only way, to said stock-lots over which live-stock can or could be driven to or from the lots, has all the time run along the south side of said railroad, entering the corporate limits of said town

from the northwest, and running thence along said south line of the railroad until it intersects and connects with the public streets of said town, and entering on said way from the northwest it is open and connects with public highways, so that in turning stock into said lots they must, for there is no other way, pass over said way along the south side of said railroad and be driven across the railroad through said gate. Said mule was one of a team of two hitched to a wagon, and they strayed upon said way from the streets of said town to a point opposite said stock-lots, where they turned and went upon the track of said railroad, the tongue of the wagon fastening itself into said stock-chute, and said mule was then and there killed by defendant's locomotive, and in no other or different place or manner. Wherefore defendant says, because of the facts hereinbefore alleged, and not other or different, that defendant was not required to fence its road at the place where said mule got upon the track and was killed."

It was averred in the first paragraph of the complaint, "that the said railroad was not then and there fenced at the point where said mule got upon said road;" and it was alleged in the second paragraph, "that said road was not then and there fenced as required by law, either at the point where the mule was killed or where he got on the road."

"A railroad company is not required to fence its road where such fence interferes with its own rights in operating its road or transacting its business, nor where the rights of the public in travelling or doing business with the company are interfered with." See *Evansville, etc., R. R. Co.* v. *Willis,* 93 Ind. 507, and the cases there cited. But "Whenever and wherever a railroad company can fence in its road without injury or obstruction to its own business and to public rights or easements, it must securely fence in its road, or it must be held liable in damages for any and all animals killed or injured, for the want of such fence, by its locomotive or cars upon the line of its railroad." *Baltimore, etc., R. R. Co.* v. *Kreiger,* 90 Ind. 380. To relieve a railroad company from liability for

killing or injuring an animal by its locomotive or cars upon the line of its road at a place not securely fenced, it is necessary for the company to show that it was not legally bound to fence its road at that place. *Indianapolis, etc., R. W. Co.* v. *Penry,* 48 Ind. 128; *Indianapolis, etc., R. R. Co.* v. *Lindley,* 75 Ind. 426; *Terre Haute, etc., R. R. Co.* v. *Penn,* 90 Ind. 284; *Louisville, etc., R. W. Co.* v. *Clark,* 94 Ind. 111. The company may prove under the general denial, without special plea, that the place where the animal was killed or injured was not a proper place to be fenced. *Jeffersonville, etc., R. R. Co.* v. *Lyon,* 55 Ind. 477; *Toledo, etc., R. W. Co.* v. *Owen,* 43 Ind. 405. But where, as in this case, it specially pleads, by way of answer in bar of the action, the facts upon which it relies to escape liability for its failure to fence its road at the place where the animal was killed or injured, it must clearly appear by the facts averred that the company could not have fenced in its road at that place without injury or obstruction to its own business or to public rights or easements. It does not appear, with sufficient certainty, by the facts alleged in the answer in this case, that any such injury or obstruction would have occurred by the erection of a fence between the railroad of the appellee and the way, referred to in the answer, which runs parallel with the railroad, and by the construction of suitable cattle-guards at the place on said railroad where said way leading into the cattle-yards crosses the same; nor is it expressly averred in the answer that any such injury or obstruction would have resulted by the construction of such fence and cattle-guards. For aught that appears the same might have been erected without interfering with the rights of the company or the public, and thereby the injury complained of would have been averted. If so it was the duty of the appellee to have constructed the same, and by reason of its neglect to do so it rendered itself liable to the appellant for the damages which he sustained by the killing of his animal. If there is sufficient space between a railroad and an adjoining highway for the construction of a fence to pre-

vent the ingress of animals from the highway to the railroad track, it is the duty of the railroad company to erect the same. *Louisville, etc., R. W. Co.* v. *Shanklin*, 94 Ind. 297. And the fact that the company in constructing the fence would be compelled to locate the same on part of its reservation for a right of way would furnish no excuse for not building it. *Wabash R. W. Co.* v. *Forshee*, 77 Ind. 158.

It is as much the duty of a railroad company to fence against animals on highways as against those in adjoining fields and woods, and it is bound, under the statute, to erect and maintain cattle-guards to preclude the ingress of animals from highways to the track of the railroad. *Evansville, etc., R. R. Co.* v. *Barbee,* 74 Ind. 169 ; *Pittsburgh, etc., R. R. Co.* v. *Ehrhart,* 36 Ind. 118 ; *Indianapolis, etc., R. R. Co.* v. *Bonnell,* 42 Ind. 539 ; *Louisville, etc., R. W. Co.* v. *Clark,* ˙*supra ; Louisville, etc., R. W. Co.* v. *Porter,* 97 Ind. 268.

For the reasons stated, we think that the answer was insufficient, and that the court erred in overruling the demurrer thereto.

In view of the conclusion which we have reached and expressed as to the insufficiency of the answer, it is unnecessary to consider the questions presented as to the sufficiency of the first and second paragraphs of the reply ; they were certainly sufficient for a bad answer, and for that reason alone, if no other, the demurrers should have been overruled.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellee, and the cause is remanded, with instructions to the court to overrule the demurrers to the fourth paragraph of the complaint, and to the first and second paragraphs of the reply, and sustain the demurrer to the second paragraph of the answer, and for further proceedings in accordance with this opinion.

Filed Nov. 13, 1884.