The Evansville and Terre Haute Railroad Company *v.* Tipton.

Filed April 4, 1885.

---

No. 11,399.

## THE EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY *v.* TIPTON.

RAILROAD.—*Killing Stock.*—*Complaint.*—*"Sufficiently Fenced."*—In an action under the statute, against a railroad company for killing stock, a com-

plaint averring that the railroad track was not "sufficiently fenced" at the place where the animals got on the track and were injured and killed, sufficiently alleges that the track was not "securely fenced," as required by the statute, and is good on demurrer.

SUPREME COURT.— *Weight of Evidence.*—Where there is evidence tending to support the verdict, the Supreme Court will not disturb it on the weight of the evidence.

From the Sullivan Circuit Court.

*A. Iglehart, J. E. Iglehart* and *E. Taylor,* for appellant.

*J. C. Briggs,* for appellee.

COLERICK, C.—This action was instituted by the appellee to recover the value of two horses, one of which was killed and the other injured on the appellant's railroad at a place not securely fenced. The issues were tried by a jury, who returned a verdict in favor of the appellee for $200, upon which, over a motion for a new trial, judgment was rendered against the appellant, from which it has appealed, and assigns as errors that the court below erred in overruling a demurrer to the complaint, and in overruling the motion for a new trial.

The only objection that has been made by the appellant in this court to the sufficiency of the complaint is, that it was averred therein that the railroad track was not "sufficiently fenced" at the place where the horses got on the track, and where they were injured and killed. It is insisted by the appellant that the words "sufficiently fenced" merely averred a conclusion, rather than a fact. The language used in the statute, under which the action was instituted, is "securely fenced." We think the word "sufficiently," as used in the complaint, is of the same import and meaning as the word "securely," and hence no error was committed by the court in overruling the demurrer to the complaint.

Of the reasons assigned in support of the motion for a new trial, the sole one presented by the appellant for our consideration is, that the verdict was contrary to the evidence, and was not sustained by sufficient evidence, in this, that the evidence, which is in the record, showed that the animals were

injured and killed at a place on the railroad where the appellant was not bound to fence.  Upon an examination of the evidence we find that the appellant introduced evidence tending to prove that the construction of a fence at the place where the animals got on the track, and where they were injured and killed, would have interfered with the rights of the appellant in operating its railroad and transacting its business, and with the rights of the public in travelling over and along an adjacent highway.  This evidence was competent, as it is settled in this State, by the decisions of this court, that a railroad company is not required to fence in its railroad at such places, and is not liable to the owners of animals injured or killed at such places by its locomotives or cars in consequence of the absence of fences.  *Indianapolis, etc., R. R. Co.* v. *Oestel,* 20 Ind. 231; *Jeffersonville, etc., R. R. Co.* v. *Beatty,* 36 Ind. 15 ; *Indianapolis, etc., R. R. Co.* v. *Christy,* 43 Ind. 143 ; *Ohio, etc., R. W. Co.* v. *Rowland,* 50 Ind. 349 ; *Louisville, etc., R. W. Co.* v. *Francis,* 58 Ind. 389 ; *Wabash R. W. Co.* v. *Forshee,* 77 Ind. 158 ; *Cincinnati, etc., R. R. Co.* v. *Wood,* 82 Ind. 593 ; *Evansville, etc., R. R. Co.* v. *Willis,* 93 Ind. 507 ; *Wabash, etc., R. W. Co.* v. *Nice,* 99 Ind. 152 ; *Fort Wayne, etc., R. R. Co.* v. *Herbold,* 99 Ind. 91.

But whenever and wherever the company can fence in its railroad without such interference, it must do so, or be held liable for all damages occasioned by such omission.  *Baltimore, etc., R. R. Co.* v. *Kreiger,* 90 Ind. 380 ; *Banister* v. *Pennsylvania Co.,* 98 Ind. 220.  And the burden of showing that a fence could not properly have been maintained at the *locus in quo* rests on the company.  *Indianapolis, etc., R. R. Co.* v. *Lindley,* 75 Ind. 426 ; *Terre Haute, etc., R. R. Co.* v. *Penn,* 90 Ind. 284 ; *Louisville, etc., R. W. Co.* v. *Clark,* 94 Ind. 111.  It is also, in like manner, settled that if there is sufficient space between a railroad and a highway for the company to fence in its railroad, it must do so, even if it is compelled thereby to locate the fence on part of its reservation for a right of way,  *Wabash R. W. Co.* v. *Forshee, supra;*

*Banister* v. *Pennsylvania Co., supra;* because it is as much the duty of the company to fence against animals on highways as those in adjoining fields and woods. *Evansville, etc., R. R. Co.* v. *Barbee,* 74 Ind. 169; *Pittsburgh, etc., R. R. Co.* v. *Ehrhart,* 36 Ind. 118; *Louisville, etc., R. W. Co.* v. *Porter,* 97 Ind. 267.

The evidence so introduced by the appellant, for the purpose of showing that no legal obligation rested upon it to erect and maintain a fence at the place where the animals were injured and killed, was conflicting in its material aspects, and was met by opposing evidence introduced by the appellee. It is neither our duty nor privilege to consider this conflicting and contradictory evidence for the purpose of reconciling it or determining its preponderance. It related exclusively to questions of fact, to be determined by the jury under proper instructions by the court, which were given. As there was evidence, as to the controverted facts, tending to sustain the verdict, we can not disturb it on the weight of the evidence. The motion for a new trial was properly overruled by the court.

This disposes of all the questions submitted for our consideration, and as there is no error in the record the judgment should be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

