Filed September 27, 1895.

No. 1,750.

### LAKE ERIE & WESTERN RAILROAD COMPANY v. ROOKER.

PLEADING.—*Complaint.*—*Damages for Stock Killed on Railroad.*— *Unnecessary Averment.*—A complaint against a railroad company for killing a horse which entered on the railroad at an unfenced place need not allege that the road should have been fenced at the point of entrance.

RAILROAD.—*Duty to Fence.*—*Right of Way.*—*Overlapping Parallel Highway.*—A railroad company is not relieved, under R. S. 1894, section 5323, from fencing its road at a place where the right of way overlaps a parallel highway, if there is sufficient space for a fence between the track and highway.

SAME.—*Another Company Running Its Trains Over Track.*—*Stock Killed.*—*Proof.*—*Recovery.*—A recovery cannot be had for a horse killed on a railroad right of way which entered at an unfenced place, without an allegation and proof that the train which killed it belonged to defendant, where another company also ran its trains over such road.

ADMISSIONS.—*Opening Statement of Counsel Will Not Supply Lack of Evidence by Opposite Party.*—An incidental remark by counsel in his opening statement, in relation to a fact which he expects to prove, is not such an admission by his client as will supply the lack of evidence in regard thereto by the opposite party.

From the Marion Superior Court.

*W. H. H. Miller, F. Winter, J. B. Elam* and *J. B. Cockrum,* for appellant.

*W. V. Rooker,* for appellee.

GAVIN, J.—Appellee recovered judgment against appellant, under section 5313, R. S. 1894, for killing his

horse, which had entered upon its road where it was not fenced.

The averment that the road should have been fenced at the point of entrance was unnecessary, and should have been omitted, since the law imposed upon the defendant in such cases the burden of showing that the road could not there be lawfully or properly fenced. *Chicago, etc., R. R. Co.* v. *Brannegan*, 5 Ind. App. 540; *Toledo, etc., R. R. Co.* v. *Fly*, 8 Ind. App. 602.

The statute by its terms imposes upon railroad companies a liability to pay for all stock killed by its locomotives or cars when the animal entered upon the road by reason of its not having been securely fenced. In order, however, that the road be "securely fenced" it is not essential that it be fenced at every point along the line. There are many places, such as at stations, sidings, etc., where it is not practicable nor necessary to build fences along the road.

Where the fence cannot be built without obstructing a public highway, the company is neither permitted nor required to fence in the road. *Jeffersonville, etc., R. R. Co.* v. *Peters*, 1 Ind. App. 69; *Ft. Wayne, etc., R. R. Co.* v. *Herbold*, 99 Ind. 91; *Louisville, etc., R. W. Co.* v. *Francis,* 58 Ind. 389.

Counsel contend that because the company's right of way overlapped (how much does not appear) a highway running parallel to the railroad, it is, upon the principle above stated, relieved from fencing at that place.

If, however, there is sufficient space between the railroad and the highway for the company to fence in its railroad it must do so, if otherwise proper, even if it be compelled to locate the fence on part of its reservation for a right of way. *Evansville, etc., R. R. Co.* v. *Tipton*, 101 Ind. 197; *Banister* v. *Pennsylvania Co.*, 98 Ind. 220; *Louisville, etc., R. W. Co.* v. *Shanklin*,

94 Ind. 297 ; *Wabash R. W. Co.* v. *Forshee,* 77 Ind. 158.

The statements, both of law and facts, made in the case last cited fit the one in hand quite closely.

"On applying the foregoing rules to the evidence in this cause, it appears that to fence in the railway at the place in controversy would not interfere with any public or private right in reference to the highway. The highway runs parallel to the railroad and near it, but the track is not upon the highway.    There was some parol testimony that the right of way claimed by the company encroached upon the highway, to what extent does not appear, but there was evidently room enough between the track and the highway for a fence.    A fence had been maintained there.    There being room enough, the fact that the company would have to put the fence on part of its reservation for a right of. way, would be no excuse for not building the fence."

The evidence is that the appellant operated and (possibly) owned the railroad, but that the "Panhandle" company also operated and ran it trains over the road by some unknown arrangement.

The complaint charges that the horse was killed by a locomotive owned and operated by appellant.    Under the decision of the supreme court in *Cincinnati, etc., R. R. Co.* v. *Wood,* 82 Ind. 593, this averment is a vital one, and is not sustained by proof that the horse was killed by a train owned and operated by another company, even though it was appellant's lessee.    If it is sought to hold the owner of the road liable for its lessee's act, the relation between the roads must be pleaded with the appropriate facts necessary to create the liability.

There is an utter failure of evidence to show whether the horse was killed by appellant's train or that of the "Panhandle."    Both companies are shown to have been

running trains over the road, and in the absence of any facts to indicate by whose train it was killed, the verdict cannot be sustained.    Were there no evidence concerning the Panhandle trains, then the presumption might exist that the harm was occasioned by appellant's train, as in *Lake Erie, etc., R. R. Co.* v. *Carson*, 4 Ind. App. 185.

We do not regard the incidental remark of appellant's counsel made in his opening statement relative to the fact as he expected to prove it as being binding upon appellant so as to supply appellee's lack of evidence.

It does not appear to have been made pursuant to any agreement relative to the facts, nor as a formal admission intended to obviate proof upon the point.

We are of opinion that the rule is well expressed by Lord Ellenborough in *Young* v. *Wright*, 1 Camp. 139 : "If a fact is admitted by the attorney on the record, with intent to obviate the necessity of proving it, he must be supposed to have authority for this purpose, and his client will be bound by the admission."

The law is thus stated in 1 Greenleaf on Ev., section 186 : "The admissions of attorneys of record bind their clients in all matters relating to the progress and trial of the cause.    But to this end they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule or practice, or of dispensing with the formal proof of some fact at the trial."

The principle governing in *Oscanyan* v. *Arms Co.*, 103 U. S. 261, cannot be deemed controlling by reason of the wide difference between the circumstances of that case and those herein involved.

Here the general denial was pleaded.    It devolved upon appellee to make out his case.    There is nothing to indicate that appellant's counsel intended to relieve

appellee from the burden or make any admission for the purpose of obviating the necessity of proof upon any material point.

Judgment reversed, with instruction to sustain the motion for new trial.

Filed September 27, 1895; petition for rehearing overruled November 22, 1895.