## THE DETROIT, EEL RIVER AND ILLINOIS RAILROAD COMPANY *v.* BLODGETT.

RAILROAD.—*Killing Stock.*— *Complaint.*— *Venue.*— In an action, under the statute, against a railroad company, for killing stock, the complaint alleged, that the killing charged had occurred in the county where the action

was brought, and that, at the point where the stock entered upon the defend-
ant's railroad and was killed, such road " was not securely fenced."

*Held*, on demurrer, that the complaint sufficiently lays the venue and shows
that such road was not " securely fenced in."

From the De Kalb Circuit Court.

*J. S. Collins*, for appellant.

*W. L. Penfield* and *D. D. Moody*, for appellee.

Howk, J.—In this action, the appellee, as plaintiff,
sued the appellant, as defendant, in a complaint of three
paragraphs, before a justice of the peace of De Kalb
county, Indiana.

The trial of the cause before the justice resulted in a
judgment for the appellee, for thirty-five dollars, from
which judgment the case was appealed to the court
below.

The appellant moved the court below to dismiss sev-
erally each paragraph of the appellee's complaint; which
motion was overruled as to the first and second para-
graphs, to which decisions the appellant excepted. The
motion to dismiss was sustained as to the third paragraph
of the complaint.

The cause was then tried by a jury, and a verdict was
returned for the appellee, assessing his damages in the
sum of thirty-five dollars.

The appellant's motion for a new trial was overruled,
and it excepted to this decision; and its motion in arrest
of judgment having been also overruled, and its excep-
tion saved to this decision, judgment was rendered on the
verdict.

The appellant has assigned in this court the following
decisions of the court below, as errors:

1.   In overruling its motions to dismiss the first and
second paragraphs of the complaint;

2.   In overruling its motion for a new trial; and,

3.   In overruling its motion in arrest of judgment.

The first and third of these alleged errors may properly
be considered together, for they each call in question the

sufficiency of the first and second paragraphs of the complaint.

In the first paragraph of his complaint, the appellee alleged, in substance, that the appellant, on or about the — day of November, 1874, in De Kalb county, Indiana, did then and there, with a locomotive and train of cars used and operated by it, or used over its road through said county, run over, kill, cripple, damage and render worthless one cow belonging to the appellee, of the value of forty dollars; and that, at the place where the said cow went upon the appellant's road and was damaged and killed, said road was not securely fenced, by reason whereof the appellee had been damaged in the sum of forty dollars.

The second paragraph of the complaint set up the same cause of action as was stated in the first paragraph, and it differed from the first paragraph only in this, that it was more specific in its averments.

The appellant's counsel, in his argument of this cause in this court, thus states his objections to appellee's complaint:

" The objections to the paragraphs are, that there is no sufficient allegation that the killing was in De Kalb county; nor is there a sufficient allegation that the railroad was not 'securely fenced in,' where the killing of the cow occurred. The language 'not securely fenced' is not equivalent to 'securely fenced in.' "

The first of these objections is not sustained by the record, and in our opinion neither of the objections is well taken.

The only causes for a new trial assigned by the appellant in his motion therefor were, that the verdict was not sustained by sufficient evidence, and that it was contrary to law.

The evidence on the trial was conflicting, but we can not disturb the verdict on this ground. This is the set-

tled rule in this court—so well established that we need not cite authorities in its support.

The judgment is affirmed, at appellant's costs.