No. 10,744.

## The Terre Haute and Indianapolis Railroad Company v. Penn.

RAILROADS.—*Killing Stock.*—*Complaint.*—A complaint against a railroad company for killing an animal, which, with the other necessary averments, alleges that the railroad "was not securely fenced," is good, and if the railroad could not properly be fenced at the place, the fact is matter of defence, concerning which the complaint need not make any averment.

From the Montgomery Circuit Court.

*J. G. Williams,* for appellant.

*A. D. Thomas,* for appellee.

HAMMOND, J.—The appellee sued the appellant in a complaint of two paragraphs. In the first paragraph appellee claimed damages for the killing of a young mare belonging to him. In the second paragraph he claimed damages for the crippling of the same animal. The death and injury complained of were alleged to have been caused and done by the locomotive and cars running upon a railroad used and operated by the appellant, at a place where "said road was not securely fenced, and there were no sufficient cattle-guards."

Answer, the general denial. Trial by jury; verdict for appellee for $75; motion for a new trial overruled; exceptions; judgment on verdict.

The errors assigned in this court are, that the complaint does not state facts sufficient to constitute a cause of action, and that the court below erred in overruling the appellant's motion for a new trial.

The statutory provisions making railroad corporations, etc., liable for stock killed or injured by locomotives, cars and other carriages running on roads controlled or operated by them, do not apply to any railroad "securely fenced in." Section 4031, R. S. 1881. It is urged that each paragraph of the complaint in this case is defective because of the omission of the word "in" after the word "fenced." But, as already

decided by this court, the words "not securely fenced" are equivalent to "not securely fenced in." *Detroit, etc., R. R. Co.* v. *Blodgett,* 61 Ind. 315.

It is further objected to the complaint that it does not aver that the place in question on the appellant's road was where it was required to fence. This averment was unnecessary. If it was not the duty of the appellant to enclose its road at said place, that was a matter of defence. *Jeffersonville, etc., R. R. Co.* v. *Brevoort,* 30 Ind. 324; *Jeffersonville, etc., R. R. Co.* v. *Lyon,* 72 Ind. 107; *Indianapolis, etc., R. R. Co.* v. *Lindley,* 75 Ind. 426; *Louisville, etc., R. W. Co.* v. *Kious,* 82 Ind. 357.

We think the complaint would have been good on demurrer. It is certainly sufficient on objections coming after verdict. The reasons stated in the appellant's motion for a new trial were, that the verdict was contrary to law and not sustained by sufficient evidence, and that the court erred in giving its oral instructions to the jury. No objection to the instructions are suggested in the appellant's brief, nor do we discover any. They were applicable to the evidence, and stated the law correctly.

The appellee's mare died from an injury which the evidence tended to show was received from a moving freight train on the appellant's road. When first seen after the injury, the animal was lying near the track of the appellant's road, about twenty feet west of the crossing of a public highway. There was evidence showing, that the mare, with a number of horses, was running on the highway in the direction of the railroad, as the train was approaching and crossing the highway. And there was evidence tending to show that the mare ran against one of the cars as it was crossing the highway, and was thrown or carried in the direction of the place where she was found after the injury. But the evidence also tended to show that there was an opening in the fence next to the railroad, through which the horses, as they approached the passing train, entered, and that the mare received the injury after thus leaving the highway. The evidence tended to show that the

opening in the fence was made some time prior to the injury complained of by the appellant's employes, for the purpose of constructing a ditch by the railroad.

Viewing the evidence as it is set out in the bill of exceptions, we can not say that the trial court erred in overruling the motion for a new trial.

Judgment affirmed, at the appellant's costs.