No. 154.

### THE OHIO, INDIANA AND WESTERN RAILWAY COMPANY v. NEADY.

RAILROAD.—*Action Against for Killing Horse.—Absence of Fences.—Complaint.* —In an action against a railroad company for damages for the killing of a horse, averments in the complaint that at a certain point in a town said railroad was not securely fenced, but ought to have been, and that the plaintiff's horse entered upon the railroad at said point and was run down and killed by a train of cars owned and operated by the defendant, show sufficiently that the absence of the fence was the responsible cause of the injury.

SAME.—*Fencing at Street Crossing.—Duty of Company Concerning.*—It is the duty of a railroad company at a public street crossing to construct and maintain wing fences and cattle-guards to prevent animals from going upon and along the track.

From Boone Circuit Court.

*J. T. Dye, C. W. Fairbanks* and *E. Jacoby,* for appellent.
*W. E. Niblack, S. M. Ralston* and *M. Keefe,* for appellee.

CRUMPACKER, J.—Heady sued the railroad company for damages for killing a horse. He recovered below, and the company appeals, assigning for error the action of the trial court in overruling the demurrer to the second paragraph of complaint; in denying a new trial, and in refusing judgment upon the special findings of the jury, notwithstanding the general verdict.

The second paragraph of complaint alleges that the railroad runs through the town of Jamestown, in Boone county, and at a certain point in said town said railroad was not securely fenced, but ought to have been; that appellee's horse entered upon the railroad at said point, and was run down and killed by a train of cars owned and operated by appellant. Counsel for appellant state their objection to this paragraph in the following language: "The mere failure to fence the right of way where an animal might enter it, does not of itself constitute a right of action unless it is also

alleged that it was by reason of this failure that the injury occurred." There is no foundation for such objection. The paragraph not only shows that the road was unfenced, but that the animal entered upon it at that point and was run upon and killed. The gravamen of the wrong complained of was the failure to fence, and it is a necessary inference from the complaint that if the road had been properly fenced, the animal would not have gone upon it, and consequently would not have been injured. So, in contemplation of the law the absence of the fence was the responsible cause of the injury.

It was shown by the evidence and found by the jury in answer to a series of interrogatories submitted to them, that appellant's railroad runs through the town of Jamestown, nearly parallel with the lines of latitude, and crosses High street, Lebanon street and Walnut street in said town almost at right angles. Lebanon street is east of High street, and Walnut street is east of Lebanon. The depot and side tracks of the railroad are a considerable distance west of High street. The road has but one track from High street east to the town limits and it is used only in the ordinary running of trains. It is fenced on both sides from High street to eastern limits of the town, and wing fences and cattle guards are maintained at the High and Lebanon street crossings. Walnut street is about 250 feet east of Lebanon street and was dedicated to the public for a street, but has never been opened or improved, and is not travelled with vehicles or teams. Appellant constructed and undertook to maintain the right of way fences across that street, and has no cattle guards or wing fences at the crossing. Citizens of the town insisted upon the right to use the street for foot passage, and for that purpose made openings in the railroad fences, several feet wide, and finally appellant constructed the fences at the street crossing with apertures about three feet wide, to accommodate travellers, but provided such apertures with no gates or other means to prevent the ingress of animals.

The fence had been in this condition for several months, and on the night of the 19th day of April, 1888, appellee's horse escaped from the enclosure in which it was kept, and went upon Walnut street, and thence through the aperture in the fence upon the railroad. A west bound train, during the night, drove the animal along the track to the cattle guard on the east side of Lebanon street, where a collision took place, and the animal was killed.

Counsel for appellant insist that Walnut street was a public thoroughfare, across which it was not bound to maintain fences, and as the horse entered upon the railroad at the street crossing, there is no liability for its destruction. It is the duty of a railroad company, at public highway crossings, to construct and maintain sufficient cattle guards and wing fences in connection with the right of way fences, to prevent the entrance of animals from the highway upon the railroad. A railroad can not be securely fenced without them. Thornton Railroad Fences, section 101.

In the case before us the place where appellee's horse entered upon the railroad was a public street and should have been protected by wing fences and cattle guards, or it was not a street, and appellant should have maintained secure fences along the right of way. If it was a public street, appellant is liable for its failure to maintain wing fences and cattle guards to prevent animals from going upon and along the track ; if it was not a public street, appellant is equally liable for leaving the unguarded apertures in the right of way fences. If the right of the public was restricted to the use of the street as a pathway for travellers on foot, appellant was not relieved of the obligation to maintain wing fences and cattle guards, provided openings in the railroad fences were necessary for the convenience of the public.

Under the evidence and special findings appellant is clearly liable for the injury.

The judgment is affirmed.

Filed Oct. 25, 1892.