No. 686.

## THE CHICAGO AND ERIE RAILROAD COMPANY v. BRANNEGAN.

RAILROAD.—*Action Against for Killing of Animals.—Complaint.—Inability to Fence.—Matter of Defence.*—A complaint against a railroad company, under the statute, for the killing of animals, is sufficient if it allege that the right of way was not securely fenced at the point where the animal entered upon the track and was killed, and if it was not the duty of the company to fence the road at the place in question, such fact is a matter of defence, concerning which the complaint need not make any averment.

SAME.—*Inability to Fence.—Burden of Proof.*—If the animal entered upon the right of way at a place where the company could not fence, the burden is on the defendant to prove that fact. For a discussion of the evidence, showing that it was the duty of the company to maintain a fence at the point where the animal was killed, see opinion.

SAME.—*Contributory Negligence.—Not a Defence.*—In an action under the statutes to recover damages for animals killed on account of the defendant's failure to fence its road, the question of contributory negligence does not arise, and can not be relied upon as a defence.

VERDICT.—*General Interrogatories to Jury.*—If the answers to interrogatories can, by any hypothesis, be reconciled with the general verdict, the latter will control, and the court should not render judgment against the party who has the general verdict in his favor.

From the Wabash Circuit Court.

*O. Gresham* and *H. C. Pettit,* for appellant.

*A. Taylor* and *H. H. Plummer,* for appellee.

The Chicago and Erie Railroad Company v. Brannegan.

NEW, J.—This action was brought by the appellee to recover the value of one yearling colt, which it is alleged went upon appellant's right of way at a point where it was not, but ought to have been, securely fenced, and was there killed by appellant's cars.

The complaint is in two paragraphs. The only material difference in the said paragraphs being, that in the first it is claimed that the colt was killed, while in the second it is claimed it was mortally wounded.

A demurrer to each paragraph, for want of facts, was overruled.

An answer in two paragraphs was filed:

1st. The general denial.

2d. That at the point where said colt entered upon the right of way, said company was not required to fence.

A reply in general denial to the second paragraph of answer was filed, and upon issue thus joined the cause was tried by a jury, who returned a verdict for the appellee, assessing his damages in the sum of eighty-five dollars. The jury also returned the following interrogatories and answers with their general verdict:

" 1st. Where had the defendant been pasturing the colt in question, for two months or more, preceding its death? If you say a field, whose field and what bordered it on the south? A. The defendant pastured no colts to our knowledge.

" 2d. How long had a fire, if any had been burning, next to and against and about the fence, along the north line of defendant's grounds at Disko? A. Three to four months.

" 3d. Was any of this fence burned out? If so, how much, and how long had it been burned out, prior to the accident? A. 1st. Five to six rods. 2d. We do not know.

" 4th. Was the colt pastured in the field separated from the right of way by this fence, and if so, how long had it been pastured there before the accident and by whom? A. Yes, about six months, by Robert Brannegan.

" 5th. Did plaintiff have this field leased? A. Yes.

" 6th. How long had the holes been burned in said fence, before the accident, and did plaintiff know this fact? A. We do not know.

" 7th. Where had plaintiff been pasturing this colt for two weeks or more prior to the accident? A. In field north of and adjoining said railroad right of way.

" 8th. Did plaintiff know that the fire had been burning and smouldering and partially destroying said fence for two months or more preceding this accident. A. Yes.

" 9th. Was defendant possessed of a station ground at . Disko, and if so, was there a saw-mill, elevator, water-tank, steam pump and well upon the same, in use on October 28th, 1890? A. 1st. Yes. 2d. Yes.

" 10th. On October 28th, 1890, for what use was the defendant using the right of way bounded by the county line road on the west, the fence built by Mrs. Lukins on the north, a north and south line through the cattle pit on the east and the south line of the defendant's right of way on the south? A. From the county line on the west up to and including water tank, well and pump, was for public and railroad uses.

" 11th. For what use on said day was the public using said portion of said right of way? A. Not known.

" 12th. When was the colt killed—day, month and year? A. 28th October, 1890.

" 13th. Did plaintiff know that said fire (if any) had repeatedly burned out said fence at different times within six months prior to October 28th, 1890? A. Yes.

" 14th. What, if anything, on October 28th, 1890, was there to keep said colt from passing from the field in which it was, upon the right of way and track of defendant? A. Nothing.

" 15th. Did plaintiff know, on October 28th, 1890, that said colt could pass upon said track from said field? A. Not known.

" 16th. What was the fair market value of said colt at the time it was killed ? A. Eighty-five dollars."

Appellant filed a motion for a new trial, and also a motion for judgment on the answers to the interrogatories, notwithstanding the general verdict. The court overruled each of said motions and rendered a judgment for appellee upon the general verdict. From this judgment appellant appeals, and assigns the following errors :

1st. The complaint does not state facts sufficient to constitute a cause of action, nor does either paragraph of said complaint.

2d. The court below erred in overruling appellant's demurrer to each paragraph of the complaint.

3d. The court below erred in overruling appellant's motion to require the jury to return answers more definite and specific to appellant's interrogatories.

4th. The court below erred in overruling appellant's motion for judgment on the answers of the jury to the special interrogatories, notwithstanding the general verdict.

5th. The court below erred in overruling appellant's motion for a new trial.

We think the complaint is sufficient, and that the demurrers were properly overruled.

Counsel for appellant insist that the complaint should contain an allegation to the effect that the place where the animal entered was a place where the company was required by law to maintain a fence, in addition to alleging the want or insufficiency of a fence, and cite several cases. Upon examination, however, we find that none of the cases are in point.

It has been repeatedly decided, and is now the settled law of this State, that the complaint against a railroad company, under the statute, for the killing of animals, is sufficient if it allege that the right of way was not securely fenced at the point where the animal entered upon the track and was killed, and if it is not the duty of the company to fence the

road at the place in question, such fact is matter of defence, concerning which the complaint need not make any averment. *Fort Wayne, etc., R. R. Co.* v. *Mussetter*, 48 Ind. 286 ; *Jeffersonville, etc., R. R. Co.* v. *Lyon*, 55 Ind. 477 ; *Jeffersonville, etc., R. R. Co.* v. *Lyon*, 72 Ind. 107 ; *Detroit, etc., R. R. Co.* v. *Blodgett*, 61 Ind. 315 ; *Terre Haute, etc., R. R. Co.* v. *Penn*, 90 Ind. 284.

If the animal entered upon the right of way at a place where the company could not fence, the burden was on the defendant to prove that fact. *Indianapolis, etc., R. R. Co.* v. *Lindley*, 75 Ind. 426 ; *Louisville, etc., R. W. Co.,* v. *Hall*, 93 Ind. 245 ; *Fort Wayne, etc., R. R. Co.* v. *Herbold*, 99 Ind. 91 ; *Evansville, etc., R. R. Co.* v. *Mosier*, 101 Ind. 597 ; *Cincinnati, etc., R. W. Co.* v. *Parker*, 109 Ind. 235 ; *Chicago, etc., R. R. Co.* v. *Modesitt*, 124 Ind. 212.

Counsel for appellant do not discuss the third error assigned, and for that reason we do not consider the same.

We think the court properly overruled appellant's motion for judgment on the answers of the jury to the special interrogatories notwithstanding the general verdict. In our judgment, said answers are not inconsistent with the general verdict.

Counsel for appellant call our attention specially to the 10th interrogatory and answer thereto, and insist that said answer shows that the company could not, or was not required to fence at the place where said colt entered upon the right of way. We do not so understand the answer. The colt entered upon the right of way at a point east of the water tank. The answer referred to is that "from the county line on the west up to and including water-tank, well and pump, was for public and railroad uses," it not being shown by said answer that east of the water-tank, at the place where said colt entered, the right of way could not be fenced.

It is only where the answers to the interrogatories are so inconsistent with the general verdict that the two can not

stand that the general verdict will be set aside. If the answers can, by any hypothesis, be reconciled with the general verdict, the latter will control, and the court should not render judgment against the party who has the general verdict in his favor. *Ridgeway* v. *Dearinger*, 42 Ind. 157 ; *Indianapolis, etc., R. R. Co.* v. *Stout*, 53 Ind. 143 ; *Byram* v. *Galbraith*, 75 Ind. 134 ; *Fort Wayne, etc., R. W. Co.* v. *Beyerle*, 110 Ind. 100 ; *Kirkpatrick* v. *Reeves*, 121 Ind. 280.

The following facts are substantially shown by the evidence : The appellant was, on the 28th day of October, 1890, the owner of and operating a railroad running from the northwest to the southeast, diagonally across the north end of Wabash county, Indiana. There is a highway running north and south, on the west line of said county, that crosses said railroad, known as the county line road. The town of Disko is in Wabash county, near the Miami and Fulton county line and just east of the junction of the north line of Miami county with the west line of Wabash county. Said town is about one-half mile north of the railroad, but said company has a station called Disko, with a regularly employed agent, the depot being situated about 500 feet east of said county line road. At the point where the county line road crosses the railroad there is a saw-mill and east of the depot about 500 feet is situated appellant's pump, pump-house and water-tank, used by said company. East of the water-tank 193 feet, on the track of said railroad, is a small culvert, through which a natural stream of water flows ; over this culvert is a cattle-guard, connected with wing fences.

On the day mentioned appellee was the owner of a yearling colt, and he was on that day and for several months prior thereto had been pasturing it in a field that lays immediately north of and adjoining said company's right of way. Said field was enclosed, the fence on the south side of said field separating it from the right of way had not been built or maintained by said company, but was built and re-

paired by the owner of said land. Some time prior to the 28th day of October, 1890, sparks from appellant's engine had set fire to the grass and muck along said track and burned said fence on the south side of said field in several places east of said company's water-tank; that on said 28th day of October appellant's colt passed from said field through the opening in said fence, east of said water-tank, on appellant's right of way and track, and was killed at or near the culvert and cattle-pit, east of the water-tank, by one of appellant's engines and cars, going in an eastern direction.

Appellant states the following reasons in the motion for a new trial:

"1st. The verdict of the jury is not sustained by sufficient evidence.

"2d. The verdict of the jury is contrary to law.

"3d. The court erred in overruling motion of defendant to cause and require the jury to more fully answer defendant's interrogatories, and in refusing to require the jury to more fully answer defendant's interrogatories 3, 6, 11, 12, and 17.

"4th. The court erred in refusing to give charges 1 and 2, tendered by defendant.

"5th. The court erred in giving charges 1, 2, 3, 4, 5, 6, 7, 8 and of its own motion to the jury."

The evidence fully sustains the general verdict, and we think the verdict was right, as the evidence certainly failed to show that the appellant was not required to fence at the point where said animal entered upon the right of way, but on the other hand, showed it was the duty of said company to erect and maintain a fence at that point, and that on account of such failure said animal was killed.

We need not further consider the third cause mentioned in the motion for a new trial, as the same has been disposed of.

Appellant complains on account of the instructions given by the court. We find that they state the law fully and were applicable to the evidence. There was no error committed by the court in refusing the instructions asked by appellant.

There was no evidence tending to show that the appellee had abandoned his colt, and the first instruction asked and refused was not applicable to the evidence, hence it was not error to refuse to give the same.

This being an action under the statutes to recover damages resulting on account of the appellant's failure to fence its road, the question of contributory negligence does not arise and can not be relied on as a defence.

The second instruction asked, being directed to the negligence of appellee, was properly refused.

We have carefully examined the record, and fail to find any error.

The judgment is affirmed.

Filed Dec. 13, 1892.