NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COM-
PANY *v.* ZUMBAUGH.

[No. 2,030. Filed March 10, 1897.]

RAILROADS.—*Failure to Maintain Proper Cattle-Guards.*—*Killing of Stock.*—*Special Finding.*— A special finding that plaintiff's horses wandered upon defendant railroad company's right of way, by reason of the inherently defective cattle-guards maintained at a crossing, is conclusive as to defendant's liability under section 5323, Burns' R. S. 1894.

From the Marshall Circuit Court. *Affirmed.*

*C. P. Drummond* and *Morris, Bell, Barrett & Morris*, for appellant.

*Charles Kellison*, for appellee.

WILEY, J.—This was an action to recover damages for stock killed on appellant's line of railroad. The negligence charged was, in the language of the complaint, "by neglecting to construct and maintain proper and suitable cattle-guards and cattle-pits where a certain highway * * * crosses said road, sufficient to prevent horses and other stock from getting upon the line of defendant's track."

The issue was joined by a general denial and the cause submitted to the court for trial, without the intervention of a jury, and at the request of appellant, the court made a special finding of facts, and stated its conclusions of law thereon, and rendered judgment in favor of the appellee.

It appears from the special finding of facts that the appellee was pasturing two horses in a pasture owned by Henry Zumbaugh, adjoining the appellant's right of way, in Greene township, Marshall county, Indiana; that said pasture was securely fenced; that the

two horses of appellee, with other horses belonging to Henry Zumbaugh, escaped from said pasture by reason of the bars to an opening having been partially displaced by stock pushing against the bar posts, and loosening them; that they were thus enabled to pass out of said opening upon the public highway which crossed defendant's road; that they wandered upon the track of defendant's railroad where it crosses said highway, and there passed over the cattle-guards and got on the right of way, where they were run over and killed; that said horses were not unruly or breachy animals.

The cattle-guard at the point where it is charged, and where the court finds that the horses entered upon appellant's right of way, was what is known and called a "National Surface Guard."

As to the sufficiency and condition of this cattle-guard we must be guided by the finding of the court. In its fourth finding of facts the court says: "And the court further finds that said 'National Surface Guard,' and the cattle-guard at the public highway crossing, on and over which cattle-guard said horses entered upon the defendant's right of way, as heretofore and herein found, were deficient, unfit, unsuitable, and insufficient to turn ordinary stock, and especially deficient, unfit, and insufficient to turn animals of the horse kind on the second day of July, 1893, and before that time, and that at the said highway crossing where said horses entered the defendant's right of way and said right of way was not, at the time said horses entered on and upon said right of way, securely fenced at the place where said horses entered in and upon such right of way. That said cattle-guard was in as good order at the date of the killing as when first put in, the deficiency, unfitness, and insufficiency in said cattle-guard being inherent in its construction,

and that said cattle-guard, when placed on the railroad track as said guard was placed, was insufficient, unsuitable, and unfit to turn stock generally, and especially stock of the horse kind at the time of said killing."

This finding is conclusive and binding, and in our judgment clearly shows that the cattle-guard in question was defective and insufficient, and fully sustains the allegation of the complaint as to the negligence of the appellant in not securely fencing its right of way.

Where a railroad company fails to construct and "maintain at all public road and highway crossings, * * * barriers, and cattle-guards suitable and sufficient to prevent cattle, horses, etc., getting on such railroad," it cannot be said that such railroad is securely fenced, within the meaning and spirit of section 5323, Burns' R. S. 1894 (4098a, Horner's R. S. 1896), and where stock wander on a railroad right of way, by reason of insufficient and defective cattle-guards, and are killed or injured, the railroad company will be held liable. *McKinney* v. *Ohio, etc., R. R. Co.*, 22 Ind. 99; *Indianapolis, etc., R. R. Co.* v. *Guard*, 24 Ind. 222; *Pennsylvania Co.* v. *Mitchell*, 124 Ind. 473; *Banister* v. *Pennsylvania Co.*, 98 Ind. 220; *New York, etc. R. R. Co.* v. *Zumbaugh*, 11 Ind. App. 107.

This material and ultimate fact having been found adversely to the appellant, we are led to the conclusion that the insufficient and unsuitable condition of the cattle-guard was the proximate cause of the injury, from the consequence of which the appellant can not escape.

Judgment affirmed.