## Chicago, Indianapolis & Louisville Railway Company v. Brown.

[No. 4,972.   Filed October 4, 1904.]

RAILROADS.—*Action for Killing Stock.—Complaint.—Proof.—Variance.*—A complaint against a railroad company to recover for the killing of a horse that entered upon the right of way, and was killed at a point on said right of way "where the same was not securely fenced in," is sustained by proof that the horse entered upon the right of way over a cattle-guard that was not sufficient to turn stock.

From Clay Circuit Court; *P. O. Colliver*, Judge.

Action by James M. Brown against the Chicago, Indianapolis & Louisville Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*E. C. Field, H. R. Kurrie* and *G. A. Knight*, for appellant.

*S. A. Hays*, for appellee.

COMSTOCK, J.—Plaintiff (appellee) sued to recover the value of a horse alleged to have been killed by a train of cars on defendant's railway. The complaint was in two paragraphs. In one it was alleged that the railroad, at the point where the horse entered upon said track and right of way, was not securely fenced; in the other, that the horse was purposely killed. The latter paragraph was dismissed. The answer was a general denial. There was a verdict in favor of appellee for $125, and judgment thereon. With the general verdict, the jury returned answers to interrogatories.

The errors assigned are, the overruling of the demurrer to the first paragraph of complaint; overruling appellant's motion for a judgment on the special findings notwithstanding the general verdict; overruling appellant's motion for a new trial.

The first specification of error—the sufficiency of the complaint—is not discussed, and is therefore waived.

The answers to the interrogatories show that the horse was struck and killed by one of defendant's engines on the defendant's right of way, near a public highway, on the south side of the highway; that it entered upon the right of way over a cattle-guard on the south side of the highway, at a public crossing, which guard was not in good condition of repair, and not properly placed, and was not a reasonably safe, suitable, and sufficient guard.

It is contended by appellant that the theory of the complaint is that the horse entered upon the track through an insufficient fence, and that the special findings show that the horse entered upon the right of way over a cattle-guard placed in the south line of the highway, and that there is therefore a fatal variance between the complaint and the facts so found. This claim is made upon the assumption that the action is based upon §5323 Burns 1901 (Acts 1885, p. 224). The action, however, is based upon §§5312-5318 Burns 1901, and is not governed by said act of 1885, which does not affect the liability of said company for killing animals. *Jeffersonville, etc., R. Co.* v. *Dunlap,* 112 Ind. 93; *Jeffersonville, etc., R. Co.* v. *Peters,* 1 Ind. App. 69; *Louisville, etc., R. Co.* v. *Hughes,* 2 Ind. App. 68; *Ohio, etc., R. Co.* v. *Wrape,* 4 Ind. App. 108; *New York, etc., R. Co.* v. *Zumbaugh,* 17 Ind. App. 171. In section four of said act of 1885, the liability of railroad companies for stock killed upon their roads is declared to be the same as if said act had not been passed.

A complaint against a railroad company to recover for the killing of a horse that entered upon the right of way, and was killed at a point on said right of way "where the same was not securely fenced in," is sustained by proof that the horse entered upon the right of way over a cattle-guard that was not sufficient to turn stock. *Louisville, etc., R. Co.* v. *Etzler,* 3 Ind. App. 562; *Ohio, etc., R. Co.* v. *Neady,* 5 Ind. App. 328; *Wabash R. Co.* v. *Ferris,* 6 Ind. App. 30; *New York, etc., R. Co.* v. *Zumbaugh, supra.*

Instructions numbered four and five given, and three and five tendered by the appellant, which the court refused to give, and the evidence present the question of variance argued with reference to the interrogatories. Said instructions four and five are as follows: "(4) It was the duty of the defendant to construct and maintain cattle-guards at public highways crossing and intersecting defendant's track and right of way to prevent access from such intersecting highway by animals rightfully thereon, and its failure to do so would be a failure to fence in its railroad securely at a place where it might be fenced in. (5) If the owner of an animal exercises reasonable care in confining the same in an inclosure, and without the fault of such owner the animal escapes and goes upon a railroad track at a highway crossing, and crosses over an insecure and insufficient cattle-guard from such highway onto the main track and right of way of the railroad beyond such highway, and such animal is there struck and injured by the locomotive, cars, or other carriages of the railway, the owner may recover for such injury." Instructions three and four refused, stated that if it was found that the horse entered over a cattle-guard at a public crossing, and not through a fence, the verdict should be for the defendant. It follows from the cases cited that the court did not err as to these instructions.

Appellant refers to the proposition laid down in the decisions, that the presumption of law is that stock entered upon the right of way at the place where it is found dead, and that in the case at bar appellee's horse was found out upon the public highway about five feet east of the railway and north of the center of the road, and that, until appellee overcame the presumption that it was killed in the highway, appellant was entitled to a verdict. There was proof from which the jury could find that the horse entered upon the right of way over the cattle-guard, walked down the track some distance, turned, and started back

toward the point where he had entered, and when he had reached a point a few feet south of the cattle-guard, and while his fore feet were on the track, was caught by the engine and carried or thrown across the cattle-guard onto the public highway. That the horse was struck by the engine or train there is no question, and that he was struck on the right of way, and thrown or carried onto the public highway may fairly be inferred from the facts proved. It is true, as claimed by the appellant, that the burden was upon the plaintiff to prove that the horse was killed in Putnam county, Indiana, but we can not agree with counsel for the appellant that there was no proof of this fact. There is no direct evidence on the point. The question was not contested on the trial, and we can not say that the jury were not justified in inferring from all the facts and circumstances shown as to the location that the horse was killed, as alleged in the complaint, in Putnam county.

Judgment affirmed.