## SOUTHERN INDIANA RAILWAY COMPANY *v.* BAKER.

[No. 5,471.   Filed March 6, 1906.]

1. PLEADING.—*Complaint.*—*Master and Servant.*—*Railroads.*—*Negligence.*—A complaint alleging that the train upon which plaintiff was riding "was in charge of the engineer and conductor, employes of defendant," and that the train with which it collided was "in charge of an engineer and conductor, employes of defendant," sufficiently shows that the engineers and conductors were in charge of the trains.   p. 408.

2. MASTER AND SERVANT.—*Railroads.*—*Negligence.*—*Evidence.*
—Where the evidence shows that the plaintiff, an employe of
defendant railroad company, was riding on a construction
train to his place of work; that such train, in charge of the
conductor and engineer, ran into a coal train causing plaintiff's
injuries and that plaintiff did not know such coal train was
on the track, a verdict for plaintiff was supported by the
evidence. p. 408.

3. SAME.—*Railroads.*—*Collisions.*—*Presumption.*—A presump-
tion of negligence from a collision of two trains on defend-
ant's road does not arise in favor of an injured servant.
p. 410.

4. SAME. — *Railroads.*—*Negligence.*—*Collisions.*—In an action
by a servant against a railroad company for damages growing
out of a collision of two trains, it is not necessary to prove
that the train with which plaintiff's train collided was oper-
ated by defendant, the question of defendant's negligence being
a question for the jury upon all of the evidence. p. 410.

5. APPEAL AND ERROR. — *Negligence.* — *Inferences.*—*Weighing
Evidence.*—Where there is some evidence from which a jury
could draw an inference of defendant's negligence, a verdict
for plaintiff will not be disturbed on appeal. p. 411.

6. TRIAL.—*Argument of . Counsel.*—*Misconduct.*—Where the
court, upon defendant's motion, struck out objectionable re-
marks of counsel for plaintiff in the argument to the jury, and
instructed the jury not to consider same, reversible error is
not committed, no prejudice being shown against defendant.
p. 411.

7. SAME. — *Instructions.* — *Railroads.*—*Conductors.*—*Engineers.*
—*Negligence.*—An instruction that conductors and engineers of
a railroad train are made vice-principals by statute, and an
injury to plaintiff through a collision caused by the negligence
of one or both of such officials, where the plaintiff was without
fault, renders such railroad company liable, is not objection-
able. p. 412.

8. SAME. — *Instructions.*—*How Considered.*—Instructions must
be considered as an entirety, and if they fairly state the law
of the case, there is no reversible error. p. 412.

From Daviess Circuit Court; *H. Q. Houghton,* Judge.

Action by LaFayette Baker against the Southern Indiana
Railway Company. From a judgment on a verdict for
plaintiff for $375, defendant appeals. *Affirmed.*

*F. M. Trissal* and *Brooks & Brooks,* for appellant.

*McCormick & Gilkison, Arnold Padgett, J. A. Padgett* and *David Padgett,* for appellee.

WILEY, J.—Appellee was an employe in appellant's service in the capacity of a brakeman, and while so employed was injured by a collision between two trains. This action was prosecuted by him to recover damages for the injuries thus sustained. His complaint was in one paragraph, to which a demurrer for want of facts was overruled. The answer was in one paragraph. Trial by jury resulting in a general verdict in his favor, and, over appellant's motion for a new trial, judgment was rendered thereon.

The overruling of the demurrer to the complaint and the motion for a new trial are assigned as errors.

After averring that appellant is a corporation, owning and operating a line of railroad within the State of Indiana, the complaint avers that on November 2, 1903, appellee was engaged as a brakeman upon one of appellant's trains, running from Latta to Sullivan in said State; that the train was composed of an engine, tender and caboose, and was in charge of an engineer and conductor, employes of appellant; that on that day, and wholly unknown to appellee, a freight-train, composed of a tender, engine, ten or more loaded cars of coal and a caboose, in charge of an engineer and conductor, employes of appellant, was coming from Gilmore, on the line of appellant's road, toward the train on which appellee was a brakeman; that at a point between Latta and Gilmore, while the train on which appellee was employed was moving at the rate of twenty miles an hour, and while he was standing by the side of a door in the aisle of the caboose, acting under his orders as such brakeman, and without any fault on his part, said train and the train of coal-cars, engine and tender, as aforesaid, "were, by the negligence of the officers of said company, and by the carelessness and negligence of the engi-

neers and conductors in charge of said trains, carelessly and negligently run violently against and upon each other, thereby causing a collision," and producing injuries to appellee which are specifically described, and by which he avers he was permanently disabled and unfitted for hard manual labor, and from pursuing his occupation as a railway brakeman, to his damage in the sum of $5,000.

The only objection urged to the complaint is that it does not allege by direct averment that the officers, engineers and conductors of the two trains were in charge of the trains; that it does not allege directly, but only by recital, that these men had anything to do with the trains at the time of the collision. We do not so read the complaint. It is specifically averred that the train upon which appellee was riding "was in charge of the engineer and conductor, employes of defendant;" also that the train with which it collided was "in charge of an engineer and conductor, employes of defendant." As this is the only objection pointed out to the complaint, it is not well taken. The demurrer was properly overruled.

In their brief counsel for appellant address the principal part of their argument to the proposition that there is an entire lack of evidence to sustain the verdict. A résumé of the evidence, so far as it is material to the determination of this question, will disclose the basis of counsels' contention. The evidence is embraced within very narrow limits, and the facts disclosed thereby, which have any material bearing upon the issues, are few. Appellee, his father and two employes of appellant were the only witnesses introduced, and they all testified on behalf of the appellee. By appellee's evidence it is shown that he was a brakeman in the employ of appellant, and at the time of the accident was on a construction-train. As such brakeman it was his duty to assist in switching and making up trains, and to help guard and safely handle trains. He was required to look for obstructions and see

that switches were all right and safe for signals. He was required to look to the conductor for orders. It is also disclosed by his evidence that a "spur line" starts from Latta, on the main line of appellant's road, and runs south eight or ten miles; that the train he was on when injured consisted of an engine, tender and caboose. The train left Latta, going south about 7:10 o'clock in the morning. The conductor was a person by the name of O'Day, and the name of the engineer was Gibson. There was a head brakeman by the name of Stafford, and a fireman. They were all employes of appellant. The train was going at fifteen or twenty miles an hour, and in rounding a curve it ran into engine number twenty-five, "or a coal-train." When the train left Latta appellee did not know that another train was on the track. He did not receive any orders from the train dispatcher. Orders from the train dispatcher were always received by the conductor and engineer. The train he was on was going to a steam shovel and pile-driver to take the men to work, and said men were on the caboose with him. Appellee also testified that it was the custom to send out a flagman in the direction of another train which might be approaching; and in such case it was the duty of the engineer to slow down and pick up the flagman. He did not know that any flag was used ahead of this train, and did not know whether the engineer saw and ran by any flag. The evidence of appellee's father was simply to the effect that appellee could not stand to do the work he could before he was injured. A witness by the name of Silver was on the same train with appellee. He testified that he was fireman on the steam shovel and saw appellee after the accident, and noticed some cuts and bruises on his face and head. A witness by the name of Bowman testified that he was in the employment of appellant as a bridgeman; that he was in the caboose with appellee at the time of the accident; that he did not know that another train was on the track; that there was no telegraph station be-

tween Latta and the point of collision; and that after the collision he observed the other train.

This is all the evidence that gives any account of the running of the train and the manner of the accident. Under the question raised by the motion for a new trial, that the verdict is not sustained by sufficient evidence and is contrary to law, we must determine from the facts disclosed by this evidence whether appellee made out his case. In this connection it is important to keep in mind the negligence of which he complains. That negligence in the language of the complaint is that "by the negligence of the officers of said company, and by the carelessness and negligence of the engineers and conductors in charge of said trains," they (the trains) "carelessly and negligently ran violently against and upon each other," etc. The complaint clearly states the cause of appellee's injury, and that cause was the negligent collision of two of appellant's trains going in opposite directions. The evidence is ample to establish the fact of the collision, and also the fact that the train upon which appellee was riding was in charge and control of a conductor and engineer who were employes of appellant. The evidence also establishes the fact that appellee was injured.

It is urged by counsel for appellant, that the evidence goes only so far as to show that an accident did occur, and that injury therefrom resulted to appellee, but that the evidence does not show any negligent act chargeable to appellant. They assert the well-settled proposition, that the occurrence of the accident did not create a presumption of negligence because of the fact that appellee was not a passenger but an employe. True, there is no presumption of negligence in such case; but negligence must be proved. If it was necessary for appellee to prove that the train No. 25, with which the train upon which he was riding collided, was in charge of and being operated by appellant or its

servants, then he has failed to make his case, for no such evidence is to be found in the record. But we do not think that this was essential to his right to recover. Where negligence is the foundation of an action it is for the jury to consider all the evidence pertinent thereto, and it is its province, also, to indulge reasonable inferences deducible therefrom, and from such evidence and such inferences determine the question of negligence.

In 1 Elliott, Gen. Prac., §437, it is said: "Negligence is usually considered to be a mixed question of law and fact. In other words, the existence or nonexistence of negligence in any particular case where the facts are in dispute or more than one reasonable inference can be drawn is a question for the jury to determine under proper instruction from the court." See, also, *Indiana Car Co.* v. *Parker* (1885), 100 Ind. 181.

Under the well-settled rule in this State, there being some evidence in the record in support of the negligence charged, and there being reasonable inferences

5. which the jury were authorized to draw, supportive of such negligence, we can not disturb the judgment upon the evidence.

Counsel have discussed two other questions under the motion for a new trial. (1) Misconduct of appellee's counsel; (2) the giving of instruction four upon the

6. court's own motion. We will dispose of these questions in their order. In the argument of the case counsel for appellee made statements to the jury which are subject to the severest criticism and condemnation. Objections were made to such statements, the court immediately sustained such objections, and thereupon instructed the jury fully that it was its duty to disregard such statements, and determine the rights of the parties according to the evidence and the law, as given by the court. In this regard the trial court promptly discharged its duty, and under its instructions we can not believe that appellant's

rights were in anywise prejudiced by what counsel had said.

This court, in the case of *White* v. *State* (1906), *ante,* 95, had under consideration the question now before us. In that case, after a review of the authorities, it was held that a reversal for misconduct of counsel in argument to the jury will be ordered by an appellate tribunal only where the improper statements of counsel are of such material character as it appears to be probable that they were the means of securing a wrong verdict. It does not appear to us that under instructions of the court in this case the misconduct of counsel for appellee had any influence upon the jury in making its verdict, and, this being true, it is not ground for reversal.

The court gave a number of instructions, and appellant complains of one only. We do not deem it necessary to set out this instruction in full, and will refer to it in the abstract. 7. The court told the jury that conductors and engineers, engaged in running and operating railway trains, are by law made vice-principals, and that their acts and negligence are made the acts and negligence of the principal. The court then told the jury that should they find from a fair preponderance of the evidence that while appellee was in appellant's service he was injured by reason of the collision of the train upon which he was riding with another train, and that such collision was caused by the negligence of the conductors and engineers of said trains, or either of them, and that appellee was without fault, then they should find for him.

We do not see any tenable objection to this instruction, and none has been pointed out to us. Taking the instructions as a whole, and considering them together, as 8. we are required to do, they fairly state the law. It is our duty to consider instructions as an entirety, and even if some particular instruction, or some portion of an instruction, standing alone, or taken abstractly, not

explained or qualified by others, be erroneous, it would afford no ground for reversal. *Gemmill* v. *Brown* (1900), 25 Ind. App. 6, and authorities there cited. This being true, if it be conceded, as it is earnestly insisted by counsel for appellant, that instruction four is erroneous, still we would not be justified in reversing the judgment for that reason.

Considering the entire record, we have reached the conclusion that the case was fairly tried, and the correct result reached. The judgment is affirmed.