## CENTRAL INDIANA RAILWAY COMPANY *v.* SMITH.

[No. 6,191. Filed June 4, 1908. Rehearing denied October 13, 1908.]

1. PLEADING. — *Complaint. —Railroads.—Killing Stock.—Fences.—* Where a statute (§5436 Burns 1908, §4025 R. S. 1881) makes the operators of railroads liable for stock killed by them, and another (§5442 Burns 1908, §4031 R. S. 1881) exempts such operators as have their roads securely fenced, a complaint which shows that the right of way at the point where plaintiff's animals were killed, was not securely fenced, is sufficient on demurrer. p. 367.

2. RAILROADS.—*Killing Stock.—Fences.—Negligence.*—Operators of railroads are not liable for animals injured by them which entered upon their rights of way at private farm crossings, except where the injuries were caused by the negligence of the servants of such operators, it being the duty of the farmer to keep the gates at such farm crossings closed. p. 367.

3. PLEADING. — *Answer.* — *Railroads.—Killing Stock.—Defenses.*— Where operators of railroads seek to avoid liability for killing stock on the ground that such stock entered upon their rights of way where the same could not be fenced, or entered through open gates at farm crossings, they must set up such defenses in an answer. p. 368.

4. SAME.—*Complaint.—Negativing Exceptions.—Railroads.—Killing Stock.*—A complaint against a railroad company for killing stock need not negative the exceptions found in a subsequent statute exempting them from liability where the animals entered upon the right of way at a private farm crossing, such exceptions constituting matters of defense. p. 368.

5. TRIAL.—*Special Findings.—Conclusions of Law.—Railroads.— Killing Stock.—Farm Crossings.*—Where the special findings in a case against a railroad company for killing stock fail to show that the point where the animals entered was not a farm crossing or gate, conclusions of law for the plaintiff are proper. p. 369.

6. RAILROADS. — *Killing Stock.* — *Evidence.* — *Requisites.*—Circumstantial evidence tending to show that plaintiff's hogs were injured by being struck by defendant railroad company's locomotives or cars, and that they entered upon the right of way at a point where the same was not securely fenced, sustains a verdict for plaintiff. p. 369.

7. NEW TRIAL.—*Verdict Contrary to Law.*—A verdict within the issues and supported by the evidence is not "contrary to law." p. 370.

From Hamilton Circuit Court; *Ira W. Christian*, Judge.

Action by Samuel M. Smith against the Central Indiana Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*U. C. Stover* and *W. S. Christian*, for appellant.
*Shirts & Fertig*, for appellee.

MYERS, P. J.—This was an action by appellee against appellant to recover the value of three horses and two mules, alleged to have been struck and killed by a locomotive and train of cars operated by appellant.

The complaint was in one paragraph, answered by a general denial; trial by the court; special finding of facts made and conclusions of law stated thereon, and judgment for $465 in favor of appellee.

The errors relied upon for a reversal are the overruling of the demurrer to the complaint, erroneous conclusions of law, and the overruling of appellant's motion for a new trial.

In support of the first specification of error appellant insists that the complaint is not sufficient, for the reason that it fails to allege that said animals did not enter upon the right of way through a gate at a farm crossing. The complaint alleged that the animals entered upon the railroad track at a point where the right of way and track of appellant was not, but could have been, fenced. ·

This action is based upon §5436 Burns 1908, §4025 R. S. 1881, providing that "any railroad corporation, lessee, assignee, receiver, and other person or corporation, running, controlling or operating any railroad into or through this State, shall be liable jointly or severally, for stock killed or injured by the locomotives, cars, or other carriages run on such road," etc. By §5442 Burns 1908, §4031 R. S. 1881, it is provided: "This act shall not apply to any railroad securely fenced in, and if such fence be properly maintained by such company, lessee, assignee, receiver or other person running the same." On the question now being considered it is clear that a complaint based upon these statutory provisions will withstand a demurrer for want of facts, if it shows that the right of way was not securely fenced at the point where the animals entered upon the track. *Chicago, etc., R. Co.* v. *Brannegan* (1892), 5 Ind. App. 540-544, and cases cited. The theory of appellant is that §§5444-5451 Burns 1908, Acts 1899, p. 485, Acts 1885, p. 148, §§2, 3, Acts 1885, p. 224, relieved railroad companies from statutory liability for animals killed, where they entered the right of way through gates at private farm crossings. With this contention we agree. It may be con-

ceded that since the acts of 1885, *supra,* a railroad company is not liable for injuring or killing animals that enter upon its right of way at a private farm crossing, except where such injury or killing is caused by the negligence of its servants. *Pennsylvania Co.* v. *Spaulding* (1887), 112 Ind. 47; *Hunt* v. *Lake Shore, etc., R. Co.* (1887), 112 Ind. 69; *Louisville, etc., R. Co.* v. *Hughes* (1891), 2 Ind. App. 68; *Chicago, etc., R. Co.* v. *Ramsey* (1907), 168 Ind. 390. This principle rests on the theory that it is the duty of the landowner to keep the gate at his farm crossing closed when the same is not in use. §§5445, 5451 Burns 1908, Acts 1885, p. 148, §2, Acts 1885, p. 224, §5. Therefore, in pleading the statutory liability of a railroad company for stock injured or

3. killed in a collision with its locomotives or cars because of its failure to fence, it is only necessary for the pleader to show that the place where the animals entered the right of way was not fenced. If it was not the duty of the company to fence at such point, or if the animals entered through such open gate, these were matters of defense. *Chicago, etc., R. Co.* v. *Brannegan, supra; Louisville, etc., R. Co.* v. *Hart* (1891), 2 Ind. App. 130; *Louisville, etc., R. Co.* v. *Hall* (1884), 93 Ind. 245. The law, as it existed prior to the acts of 1885, with reference to such liability of railroad companies, was not affected by the later acts, except where it is shown that such animals entered upon the right of way through gates at farm crossings. *Louisville, etc., R. Co.* v. *Hart, supra; Chicago, etc., R. Co.* v. *Brown* (1904), 33 Ind. App. 603. Appellant insists that appellee in his complaint should have negatived the exception, but the authorities seem to hold otherwise. The exception to the law upon which this action is founded is by virtue of

4. a subsequent enactment, and is controlled by the well-settled rule that ''if the exception be contained in a subsequent clause or statute, it is matter of defense, and need not be negatived in the information.'' *Brutton* v. *State*

(1853), 4 Ind. 601; *Cleveland, etc., R. Co.* v. *Gray* (1897), 148 Ind. 266. The demurrer was properly overruled.

The second error is based on the exception to the conclusion of law. As to this specification, it is argued that the conclusion of law was erroneous, for the reason that the court failed to find that the point where the stock entered on the right of way and track of appellant "was not a farm crossing or gate." For the reasons stated in holding the complaint good the conclusion of law is upheld. The reasons assigned and here argued in support of the motion for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

In support of these reasons it is argued that the evidence shows that appellee was grossly negligent in failing properly to care for and confine said animals; that he abandoned them, and for want of care the animals were allowed to go upon the railroad track, and were injured; that there was no evidence showing that the animals injured or killed collided with a train run by appellant on its railway. Without going into the evidence in detail, it shows that the injured animals, with others, were kept in a field located about one-half mile south of the railroad. They were in this field the day before the morning they were found along the right of way and track of appellant in a crippled condition. The testimony of the owner of the animals and the tenant in charge of them showed that they had escaped from appellee's enclosure but once prior to the time they were injured, and that the field from which they escaped was enclosed by a seven-rail fence. The animals left the pasture through the fence at a point where it appeared to be pushed down, and went into a lane running north a short distance to a small woods. Part of the animals were found at corn pens in a field near the woods and railroad. There was no fence between the railroad company's right of way and the corn pens, and said right of way was not fenced

for one-half mile each way from where the crippled animals were found. There was evidence that the animals had been on the railroad track. There was blood on the ends of some of the ties. Appellant at the time was running trains, using steam-power, over the railroad track. No one who testified claimed to have seen the collision.

In actions of this character the evidence must authorize a finding that the place where the animals entered upon the right of way of the defendant was not securely fenced, and that said animals were killed or injured by an actual collision with a locomotive or cars owned or operated by the defendant. *Louisville, etc., R. Co.* v. *Thomas* (1886), 106 Ind. 10; *Childers* v. *Louisville, etc., R. Co.* (1895), 12 Ind. App. 686. The evidence as disclosed by the record in this case, and the inferences to be drawn therefrom, justified the trial court in finding the facts just stated in appellee's favor. *Heath* v. *Sheetz* (1905), 164 Ind. 665; *Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470; *Southern Ind. R. Co.* v. *Baker* (1906), 37 Ind. App. 405. For us to say otherwise would require that we weigh the evidence, and this we cannot do. *First Nat. Bank* v. *Beech* (1904), 34 Ind. App. 80.

There is no claim that the decision of the court was not within the issues; and, having determined that the complaint stated a cause of action, and it appearing that there 7. is evidence to sustain the court's finding, its decision is therefore not contrary to law. *Burk* v. *Matthews Glass Co.* (1907), 40 Ind. App. 81.

Judgment affirmed.

Roby, J., absent.